Zimmerman, J.
 

 Section 10509-166, General Code, recites:
 

 “When the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such admin
 
 *531
 
 istrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured * * V’
 

 As is true in a majority of the jurisdictions of this country having similar legislation, the Ohio statute quoted above creates a new cause or right of action, altogether distinct and apart from the right of action which the injured person might have had and upon the existence of which such new right is conditioned. See 25 Corpus Juris Secundum, 1076-, Section 15; 16 American Jurisprudence, 48, Section 61;
 
 Gibson
 
 v.
 
 Solomon,
 
 136 Ohio St., 101, 108, 23 N. E. (2d), 996, 999, 125 A. L. R., 903, 907.
 

 Section 10509-167, General Code, provides:
 

 “An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent. The jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was.brought.* * *”
 

 By virtue of the last-quoted statute, the trial court told the jury in the general charge in this case:
 

 “And if you so find for the plaintiff, your next duty would be to determine the amount of your verdict, and that will be such an amount as you think proper to the pecuniary — the money damage — resulting from the death of this boy, James William Karr, to the personal representatives for whose benefit this action was brought, to wit: The father and brother.' It is the money value of the decedent, James William Karr, to this surviving father and brother as his next of kin; that is the pecuniary loss to them. In determining this you will give consideration to all of the evidence and all of the facts and circumstances established, by the evidence of their loss by his death. You cannot, and must
 
 *532
 
 aiot, consider the bereavement or mental suffering or ¡grief of either the father or brother of the decedent, his next of kin, that they have and will continue to suffer. You may award such damages as the persons for whom this action was brought might have reasonably expected to have received from the decedent, James William Karr, from his earnings, had he lived and from his estate at his death. ’ ’
 

 Relative to the Ohio wrongful death statutes, the following comment is made in 13 Ohio Jurisprudence, 384, Section 33:
 

 “The first statute in Ohio providing for an action against one causing death by wrongful act was passed in 1851. Prior to that' time there was no statutory authority for bringing such action. Through various revisions, the substance of the provisions of this act has been carried down to the present-day Code. The general form is a substantial reproduction of Lord Campbell’s Act.”
 

 It may be added that the Ohio statute conferring a right of action for wrongful death is an innovation to the principles of the common law and affords the only civil remedy to compensate others for death resulting from injuries.
 
 Davis
 
 v.
 
 Justice,
 
 31 Ohio St., 359, 363, 27 Am. Rep., 514, 516;
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Chambers,
 
 73 Ohio St., 16, 24, 76 N. E., 91, 93, 11 L. R. A. (N. S.), 1012, 1015; 16 American Jurisprudence, 35, Section 44.
 

 The original Ohio enactment and the various revisions have contained the words “next of kin” and have limited the recovery of damages to the “pecuniary injury” sustained by designated persons on account of the death.
 

 In the present action, James William Karr, the decedent, left no surviving spouse and no children. Who then are his “other next of kin” within the contemplation of the statute?
 

 
 *533
 
 In disposing of this question, we. first notice the case of
 
 Steel, Admr.,
 
 v.
 
 Kurtz,
 
 28 Ohio St., 191, an action for causing wrongful death, in which case the court, in construing the wrongful death statute (S. & C., 1139, 49 Ohio Laws, 117), stated:
 

 “Whenever the death of a person is caused by the wrongful act, neglect, or default of another person or corporation, a cause of action is given in every case where, if death had not ensued, the person killed would have been entitled to recover damages for the injury sustained in respect thereof. This action is to be brought by and in the name of the personal representative of the deceased person, for the exclusive benefit of the widow and next of ldn of such deceased person; the damages recovered are directed to be distributed to the widow and next of kin, in the proportions provided by law in relation to the distribution of personal estates left by persons dying intestate. The jury may give such damages as they shall deem fair and just, not exceeding five thousand dollars, with reference to the pecuniary injury resulting from such death to the wife and next of kin to such deceased person.”
 

 In the
 
 Kurts case
 
 the decedent left surviving her a husband, a brother and several sisters. The court took the view that the phrase “next of kin” as used in the statute includes only those persons who are entitled to stand in the order of inheritance under the statute of descent and distribution, in the case of personalty, and since under such distribution statute t'he husband was entitled to the whole of his wife’s personal estate, the brother and sisters were excluded from recognition as next of kin, with “no right.to be considered on the question of damages.” The court stated that “upon no rule of law could the plaintiff have introduced testimony in this case to show that the brother and sisters had sustained a pecuniary loss in the death of their sister.”
 

 
 *534
 
 If the present case were controlled by the
 
 Kurtz case,
 
 the surviving brother of the decedent would be eliminated, because under subdivision 5 of Section 10503-4, General Code, the father of decedent would be the recipient of all his property. See, also,
 
 Schroth, Admr.,
 
 v.
 
 Noble,
 
 91 Ohio St., 438, 110 N. E., 1067.
 

 However, the wording of Section 10509-167, General Code, taken in connection with the provisions of the distribution statute which immediately follows it, requires a different conclusion. Now an action for wrongful death is “for the exclusive benefit of the surviving spouse, the children
 
 .and other next of Mn
 
 of the decedent.” (Italics ours.)
 

 As we view it, the phrase “other next of kin” is used in a broad sense and may include the brothers and sisters of a decedent as well as his parents, when both classes of kindred are in existence.
 
 Toledo, St. L. & W. Rd. Co.
 
 v.
 
 Connolly
 
 (6 C. C. A.), 79 C. C. A., 218, 149 F., 398, 15 O. F. D., 526;
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 41, 140 N. E., 644, 647.
 

 It has been held in Ohio that an action for wrongful death is maintainable for the benefit of the brothers and 'sisters of a decedent as his next of kin even though they had no legal claim upon him for support.
 
 Johnston, Admr.,
 
 v.
 
 Cleveland & Toledo Rd. Co.,
 
 7 Ohio St., 336, 70 Am. Dec., 75;
 
 Grotenkemper
 
 v.
 
 Harris, Admr.,
 
 25 Ohio St., 510.
 

 From a further consideration of Section 10509-167, General Code, it is noted that damages for the wrongful killing of a person are limited “to the pecuniary injury resulting from such death.” In Black’s Law Dictionary (3 Ed.), 1343, “pecuniary loss,” as the term relates to dependents, is defined as “the reasonable expectation of pecuniary benefit from the continued life of the deceased, to be inferred from proof of
 
 *535
 
 assistance by way of money, services, or other material benefits rendered prior to death.”
 

 And in 16 American Jurisprudence, 122, Section 182, the statement is máde:
 

 “The word ‘pecuniary,’ where it occurs in death statutes, is not used in a sense of the immediate loss of money or property. It looks to prospective advantages of a pecuniary nature which have been cut off by the premature death of the person from whom they would have proceeded.” See, also, 13 Ohio jurisprudence, 501, Section 144;
 
 Davis
 
 v.
 
 Guarnieri,
 
 45 Ohio St., 470, 481, 15 N. E., 350, 356, 4 Am. St. Rep., 548, 552; 12 Am. St. Rep., note beginning at page 375.
 

 Of course, “pecuniary loss” does not comprehend “such elements as bereavement, or mental pain and suffering of the beneficiaries, or the 'loss of the society or comfort of the deceased.” Kennedy, Admr., v.
 
 Byers,
 
 107 Ohio St., 90, 140 N. E., 630.
 

 Ordiu acil v^_n-4irc.mw4i»ilc^ef--pecuniurv-h>ss- exists in favor of those legally entitledffn-^mrvicnsmr-snpport Irom the one killed. Thus, the law presumes pecuniary losihxTa parent or parents entitled to the services and earnings of their minor child by the wrongful death of such child even before it has reached an age whep it is actually able to render services or assistance of a pecuniary nature, and such presumption extends to the various elements that may be properly taken into account in the assessment of damages. 16 American Jurisprudence, 228, Section 337; 149 A. L. E., 234, annotation.
 

 On the other hand, no such presumption obtains in the case of a collateral relative such as a brother who has no legal claim upon the decedent, and the infliction of “pecuniary injury” on him by reason of the death ought to appear from the evidence before such relative may be considered in the assessment of damages. 16
 
 *536
 
 American Jurisprudence, 226, Section 332; 25 Corpus Juris Secundum, 1284, Section 118.
 

 We now come to the decisive question whether the general charge herein on the subject of damages was prejudicially erroneous.
 

 The bill of exceptions discloses that counsel for the defendant took only a general exception to the charge and did not ask additional or different instructions as to that part pertaining to damages. Neither were any special interrogatories presented for submission to the jury.
 

 Under Section 10509-167, G-eneral Code,
 
 “the
 
 jury may give such damages
 
 as it may think
 
 proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought.” (Italics ours.)
 

 In view of what has been previously said, the trial court ought to have charged in greater detail on the manner in which the jury should regard the father on the one hand and the brother on the other with respect to an award of damages. However, a majority of the court entertains the view that in this ease the failure to do so constituted an error of omission rather than one of commission.
 

 The rule is well settled that a general exception to' the charge of a trial court does not raise any question of error as to the omission to give further correct instructions, but presents only questions as to errors of law existing in the charge as given.
 
 State
 
 v.
 
 McCoy,
 
 88 Ohio St., 447, 103 N. E., 136.
 

 Moreover, if a charge is not confusing and misleading and is good as far as it goes, the omission of some matters which might have been included is not fatal, unless the omission is called to the attention of the court and an instruction requested. 2 Ohio Jurisprudence, 909, Section 759; 16 American Jurisprudence, 239, Section 362.
 

 
 *537
 
 An- examination of the part of the charge quoted shows that the trial judge limited recovery strictly to the pecuniary loss sustained by the father and brother. He further said that such question should be determined by the evidence and all the facts and circumstances established by the evidence. Nothing was said concerning the presumption of pecuniary injury in favor of the father, and since the proof showed little or no pecuniary loss to the surviving brother by the death, it may be assumed that in accordance with the charge the jury paid scant attention to him in its consideration of the matter of damages. See
 
 Toledo Rys. & Light Co.
 
 v.
 
 Wettstein, Admr.
 
 (an action for the wrongful death of a six-year-old girl), 14 C. C. (N. S.), 441, 23 C. D., 15, affirmed without opinion, 79 Ohio St., 439, 87 N. E., 1142.
 

 Nevertheless, since the computation of damages in any case of wrongful death is a somewhat indefinite process, the significance of the term “pecuniary injury” as it applies to a particular case and to those designated as next of kin in the action ought to be explained accurately, to the end that the defendant will not suffer unjustly and to a degree out of proportion to the loss actually inflicted.
 

 More precisely, in an action for wrongful death where the ones designated as beneficiaries include not only those legally entitled to the services or support of the one killed, but other next of kin as well, the trial court should be careful to advise the jury fully as to the considerations to be applied to each in fixing the amount of any damage award.
 

 If, for instance, there is
 
 no
 
 proof of pecuniary injury to a collateral relative, the court would be justified in removing him from consideration on the question of damages. The case of
 
 Grotenkemper
 
 v.
 
 Harris, Admr., supra,
 
 would indicate a contrary view, but the later case of
 
 Cincinnati St. Ry. Co.
 
 v.
 
 Altemeier, Admr.,
 
 60
 
 *538
 
 Ohio St., 10, 53 N. E., 300, lends support to the proposition stated.
 

 For the reasons outlined, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Williams and Turner, JJ., concur.
 

 Bell, J., concurs in the judgment and in the syllabus, excepting paragraph five thereof.