## BROUSE v. UNITED STATES.

## TOWNSEND v. UNITED STATES.

### Civ. A. Nos. 25540, 25484.

United States District Court
N. D. Ohio, E. D.
March 25, 1949.

M. C. Harrison and Wm. K. Thomas, both of Cleveland, Ohio, for plaintiffs.

Don C. Miller, U. S. Atty. and Frank Steel, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

FREED, District Judge.

On the morning of July 18, 1947, an army "Black Widow" fighter while in flight over Wauseon, Ohio, collided with an Aeronca Cub. The smaller plane was piloted by Walter Hyde, Jr., its owner, and carried Joanne Kyle as passenger. Both the pilot and the passenger were killed instantly, when as a result of the collision the Aeronca Cub fell to the earth. The actions were brought under the Federal Tort Claims Act, Title 28 U.S.C.A. § 931 [now §§ 1346, 2674], against the United States to recover compensation for the wrongful death of the occupants of the demolished plane. By stipulation of the parties these actions were consolidated for hearing. The complaint in each case alleges that the army airplane was operated recklessly and negligently and that as a direct and proximate result the collision occurred.

The evidence adduced at the trial disclosed little dispute as to the salient facts. It was clearly established that the army plane at the time of the collision was under robot control flying at a rate of speed of 220 miles per hour. Both planes were in the air at the same elevation. There was not even a semblance of proof of negligence on the part of the Aeronca Cub pilot which in any way contributed to the disaster. The army pilot asserted that he kept a constant lookout for other aircraft and that he looked in every direction at 15 second intervals, but that he did not see the Cub before the collision and that he was without fault. In fact, he stated that he did not even know that his plane collided with the Cub, or what actually caused the damage to his plane until he returned to his base. The Court is convinced, however, from the overwhelming weight of the evidence, that the collision was caused by the negligent failure of the army plane to keep a proper lookout to observe the approach of the aeroplane in which the decedents were riding, and by the negligence of the army plane in failing to observe the rules promulgated by the Civil Aeronautics Board, and other rules and regulations pertaining to safe operation of aircraft.

The obligation of those in charge of a plane under robot control to keep a proper and constant lookout is unavoidable.

It is particularly clear when, as in this instance, the plane is in flight across a recognized and established airway. At the time of the collision the "Black Widow" fighter was flying through the air totally oblivious to its potential danger to other planes and wholly unmindful of its duty to observe the necessary safeguards to prevent disaster. Had a proper lookout been maintained the collision would not have occurred. The plaintiffs' rights of recovery are beyond question.

Walter Hyde, the pilot who was killed, was twenty-three years of age and his passenger Joanne Kyle was eighteen.

■■■ The evidence showed that Walter Hyde at the time of his death was of help to his father, a retired veterinarian who survived him, in collecting accounts for his father and overseeing his farm. The actual pecuniary loss sustained by the father resulting from his death in the judgment of the Court was $6,500, which amount the plaintiff is entitled to recover in the first cause of action in Civil No. 25484. Gulf, Colorado and Santa Fe Railway Company v. McGinnis, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785; Cleveland Tankers, Inc. v. Tierney et al., 6 Cir., 169 F.2d 622; Karr, Adm'r v. Sixt, 146 Ohio St. 527, 67 N.E.2d 331. The Aeronca Cub was completely destroyed and plaintiff is entitled to be compensated for its fair value. The evidence supports an award of $2800 for the loss of the plane for which amount a recovery may be had in the second cause of action.

■ Joanne Kyle was a high school student at the time of her death and was survived by her mother and a half sister. She was an attentive daughter and relieved her mother of many duties. She was employed during her spare time and out of her earnings was generous to her mother and her young half sister. Under the provisions of the law and the evidence an award of $10,582.50 may be had in Civil No. 25540. 16 American Jurisprudence 228, § 337; Karr, Adm'r v. Sixt, supra; Cleveland Tankers, Inc. v. Tierney et al., supra.