Taft, J.,
 

 dissenting. I agree with the conclusions of law announced in the syllabus and with most of what is said in the opinion
 
 in support of those conclusions.
 
 However, the principal question raised, briefed and argued in the instant case relates to the claimed excessive amount of the jury’s verdict. This question is referred to only in the next to the last paragraph of the majority opinion, where it is summarily disposed of. I do not believe it can be so disposed of without ignoring previous decisions of this court, which appear to require a judgment in the instant case, different from that being rendered.
 

 In
 
 Karr, Admr.,
 
 v.
 
 Sixt,
 
 146 Ohio St., 527, 67 N. E. (2d), 331, paragraph six of the syllabus reads:
 

 
 *59
 
 “The term ‘pecuniary injury’ as used in Section 10509-167, Genera] Code, comprehends essentially injury measured by the prospective advantages of a pecuniary nature which have been cut off by the premature death of the person from whom they would have proceeded. The term does not embrace such elements as bereavement or mental pain and suffering of the beneficiaries or the loss of the society or comfort of the deceased.
 
 [Kennedy, Admr.,
 
 v.
 
 Byers,
 
 107 Ohio St., 90, approved and followed.)”
 

 As stated in the dissenting opinion by Wanamaker, J., in
 
 Schendel v. Bradford, Admr.,
 
 106 Ohio St., 387, 404, 140 N. E., 155:
 

 “The doctrine of pecuniary damages * * * is so cold and calculating as to be really bloodless. Awarding pecuniary damages to the next of kin of a child six years of age is merely making a business commodity out of the child, and subjecting the loss of that child’s life to the dollars and cents argument, limited to how much that child would probabily contribute in later years, had he lived, to the father and mother, or brothers and sisters.”
 

 Judge Wanamaker’s protest against “this coldblooded calculating measure of human life” is readily understandable.
 

 However, as appears from the syllabus and opinion in
 
 Karr, Admr.,
 
 v.
 
 Sixt, supra,
 
 “this measure” was provided by the General Assembly in creating the action for wrongful death which did not exist at common law. As pointed out in that case and in the decisions of this court which it followed and approved, this court has repeatedly recognized that it does not have the power to change this measure which the Gen
 
 eral
 
 Assembly prescribed in creating the cause of action.
 

 There is much force to the argument that the limitation of the damages recoverable for wrongful death
 
 *60
 
 to such as are “proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought,” contained in Section 10509-167, represents a limitation by law of the amount of damages recoverable for wrongful death and is ineffective by reason of the provisions of Section 19a of Article I of the Constitution as amended in 1912. That section reads:
 

 “The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law.”
 

 However, that argument was rejected by this court in its decision in
 
 Kennedy, Admr.,
 
 v.
 
 Byers,
 
 107 Ohio St., 90, 140 N. E., 630 (paragraphs one and two of the syllabus), and the decision in that case to that effect was expressly approved and followed in paragraph six of the syllabus in
 
 Karr, Admr.,
 
 v.
 
 Sixt, supra.
 

 In that paragraph of the syllabus, this court recognized that “the term ‘pecuniary injury,’ as used in Section 10509-167, General Code, comprehends essentially injury measured by the
 
 prospective
 
 advantages of a pecuniary nature * * * cut off by the premature death of the person from whom they would have proceeded. ”
 

 Attention is invited to paragraph two of the syllabus in
 
 Pennsylvania Co.
 
 v.
 
 Files,
 
 65 Ohio St., 403, 62 N. E., 1047, which reads:
 

 “Where prospective damages from an injury are claimed, they should be limited by the court in its charge to such as may be reasonably certain to result from the injury. ’ ’
 

 Can any reasonable mind come to the conclusion (see
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246) that, upon the evidence in this case, “the prospective advantages of a pecuniary nature * * # cut off by the premature death” of decedent
 
 *61
 
 were “reasonably certain” to equal any substantial sum? In order to answer that question, “yes,” it is necessary to shut one’s eyes to the realities of life. If the answer is, “no,” the duty that this court has to perform is clearly indicated in
 
 Bartlebaugh
 
 v.
 
 Pennsylvania Rd. Co.,
 
 150 Ohio St., 387, 82 N. E. (2d), 853.
 

 However, even if the rule, repeatedly approved by this court with regard to the proof of prospective damages, does not apply in a wrongful death case, the plaintiff’s judgment for $5,000 should not be affirmed.
 

 It is axiomatic that the amount of damages to be awarded in any negligence or wrongful death action is an issue of fact upon which the plaintiff has the burden of proof, just as the plaintiff has the burden of proof on the issue of fact as to the defendant’s negligence and on the issue of fact as to a proximate causal connection between that negligence and the plaintiff’s injury. As noted in the syllabus in
 
 Schendel
 
 v.
 
 Bradford, Admr., supra,
 
 “in actions for wrongful death the amount of pecuniary injuries sustained is an issuable fact”; and, as stated by Matthias, J., in his dissenting opinion in
 
 Chester Park Co. v. Schulte, Admr.,
 
 120 Ohio St., 273, 294, 166 N. E., 186, “the amount of damages, as well as the presence or absence of negligence, is a question of fact.”
 

 In a wrongful death action “a presumption of pecuniary injury ordinarily exists in favor of” the father and mother of the deceased child because they are legally entitled to services or support from the child.
 
 Karr, Admr.,
 
 v.
 
 Sixt, supra,
 
 paragraph four of the syllabus and page 535. As appears from the opinion in that case, this presumption, like many presumptions, is based on reason. But, without any proof, can it reasonably be said that such “pecuniary injury” (as that statutory term has been defined repeatedly by the decisions of this court) from the death of a nine-month-old child could equal $5,000? The obvious
 
 *62
 
 answer is, “no.” Cf.
 
 Bartlebaugh
 
 v.
 
 Pennsylvania Rd. Co., supra.
 

 A decision in the instant case that the plaintiff has sustained the burden of proof on the issue of fact as to the $5,000 amount of damages included in the verdict must necessarily disregard several recent pronouncements of the law by this court.
 

 Thus, in
 
 Gedra
 
 v.
 
 Dallmer Co.,
 
 153 Ohio St., 258, paragraph three of the syllabus reads:
 

 “In such an action [a negligence action], if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant.” In
 
 Boles
 
 v.
 
 Montgomery Ward & Co.,
 
 153 Ohio St., 381, paragraph six of the syllabus reads:
 

 “In such an action [also a negligence action], a verdict for plaintiff predicated upon conjecture, guess, random judgment or supposition cannot be sustained.”
 

 In
 
 Brandt
 
 v.
 
 Mansfield Rapid Transit, Inc.,
 
 153 Ohio St., 429, paragraphs one and two of the syllabus read:
 

 “1. As triers of issues of fact a jury is required to determine probabilities.
 

 “2. Such determination of probabilities cannot be based on testimony as to mere possibilities.”
 

 In
 
 Gerich v. Republic Steel Corp.,
 
 153 Ohio St., 463, paragraph two of the syllabus reads:
 

 “It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain the burden as to such issue.”
 

 In the instant case, there is no serious claim that there should have been a verdict for defendant. As I see it, the previous decisions of this court require it
 
 *63
 
 to determine the highest amount that a reasonable mind could determine, from the evidence in this case, as “the pecuniary injury,” within the meaning of this term as used by the General Assembly and repeatedly interpreted by this court.
 

 If this court determines that the difference between that highest amount and $5,000 is such as to indicate passion and prejudice of the jury, this court should probably reverse the judgment. See
 
 Chester Park Co.
 
 v.
 
 Schulte, Admr., supra,
 
 paragraph two of the syllabus. At the very least, it should reverse the judgment, unless the plaintiff agrees to a remittitur of the portion of the verdict which was in excess of such highest amount.
 
 Bartlebaugh
 
 v.
 
 Pennsylvania Rd. Co., supra.