Hart, J.,
 

 dissenting. It is my view that in a capital case an error of omission in the instructions to the jury prejudicial to the defendant cannot be waived by the failure of counsel to request the court to supply the omission.
 

 When the court undertook by way of additional instructions to the jury to answer the questions propounded by the jury to the court, full and complete answers to those questions were required as a basis for the further deliberation of the jury. Anything less than a full and understandable answer would necessarily give a wrong impression and in my view constitute prejudicial error. The instructions given, in my opinion, lead the jury to assume that in all probability the defendant could be and would be paroled in 20 years if mercy should be recommended. Such assumption was not warranted, not because the trial judge erred in what he said to the jury but because he did not go further and explain the conditions or obstacles which the defendant would be obliged to meet or overcome before he could secure a parole.
 

 A similar question was involved in the case of
 
 Karr, Admr.,
 
 v.
 
 Sixt,
 
 146 Ohio St., 527, 67 N. E. (2d), 331, a civil action, wherein this court held:
 

 “If a charge is not confusing and misleading and is good so far as it goes, the omission of some matters which might have been included is not fatal, unless the omission was called to the attention of the court and an instruction requested. ’ ’
 

 
 *262
 
 In that case Judge Matthias and the writer of this dissent dissented from the judgment on the ground that it was the duty of the court to explain the provisions of the statute involved as applied to the evidence adduced and to fully advise the jury how to make application of the statute. It was our view that the incompleteness of the charge in that respect rendered the charge misleading and, therefore, prejudicially erroneous.
 

 It is my view that the same rule applies in the instant case and that prejudicial error intervened.