RUBECK, EXR., APPELLEE, v. HUFFMAN, APPELLANT.

(No. 77-579—Decided April 5, 1978.)

*Mr. John David Jones, Mr. Robert F. Hendricks* and *Mr. Louis A. Ginocchio*, for appellee.

*Messrs. Graham & Graham, Mr. Thomas R. Bopeley, Messrs. Ross, Davis & Baran, Mr. Gregory G. Baran* and *Mr. Edward C. Baran*, for appellant.

*Per Curiam.* The main issue raised herein is whether the trial court erred when it granted, and the Court of Appeals erred when it upheld, an award of punitive damages in the instant cause.

Although the Court of Appeals ruled that punitive damages are not available in wrongful death actions, it affirmed the trial court's award of those damages by finding that, in the instant cause, a survival cause of action had been alleged and evidence sufficient to support "at least nominal damages for pain and suffering" had been introduced at the trial. The appellate court held that "the action which accrued to Clair B. Rubeck at the time of the accident for injuries to his person, for which had he lived he could have sought recovery for both compensatory and punitive damages, survives as to both compensatory and

punitive damages in the survivorship action by the executor." It is, therefore, necessary for this court to determine whether punitive damages may be obtained in either a wrongful death action or a cause of action which survives the decedent pursuant to R. C. 2305.21, and whether, if such damages are available in the latter cause of action but not in the former, the plaintiff in the instant cause alleged and proved a cause of action for personal injury or property damage which would survive his death pursuant to R. C. 2305.21.

I.

The right to sue for wrongful death in Ohio is a statutorily created right. (See R. C. 2125.01.) Moreover, it is a right which was not recognized at common law. See Annotation 61 A. L. R. 3d 906, 908; Malone, The Genesis of Wrongful Death, 17 Stanford Law Review 1043, 1044. As such, the rights conferred by the wrongful-death statute are also accompanied by the limitations imposed by that statute. *Kennedy* v. *Byers* (1923), 107 Ohio St. 90, 95-96. One such limitation placed on wrongful-death actions in Ohio is on the type of damages which may be awarded. R. C. 2125.02 provides, in pertinent part:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. The jury may give such damages *as it thinks proportioned to the pecuniary injury resulting from such death* to the persons, respectively, for whose benefit the action was brought, and the reasonable funeral expenses incurred as a result of the wrongful death. * * *" (Emphasis added.)

The language of R. C. 2125.02 is clear. Damages in wrongful-death actions are limited to those for "the pecuniary injury resulting from such death." That is, they are limited to damages for " 'loss of money, or something by which money or something of money value may be acquired' " (*Kennedy, supra,* at page 92) and "which have been cut off by the premature death of the person from

whom they would have proceeded." *Karr* v. *Sixt* (1946), 146 Ohio St. 527, paragraph six of the syllabus. Since punitive damages are "assessed over and above that amount adequate to compensate an injured party" (*Ranells* v. *Cleveland* [1975], 41 Ohio St. 2d 1, 7), they are, by definition, not available in a wrongful-death action.[1]

II.

Since there is no right to punitive damages in a wrongful-death action, the trial court's award of punitive damages in the instant cause is valid only if Clair Rubeck had a right to such damages which survived his death pursuant to R. C. 2305.21. It is established law in this state that one may obtain punitive damages for personal injury or property loss caused by " 'intentional, reckless, wanton, willful and gross acts' " or by malice "inferred from conduct and surrounding circumstances." *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178, 184. Moreover, the right to such damages continues even when the person so injured has died and the personal injury or property loss claim is pursued by the representative of his estate under R. C. 2305.21.[2] See *Fielder* v. *Ohio Edison Co.* (1952), 158 Ohio St. 375; *Mahoning Valley Ry. Co.* v. *Van Alstine* (1908), 77 Ohio St. 395. Therefore, if Paul Rubeck alleged and proved that the deceased suffered personal injury or property loss as a result of the collision and before he died, the trial court's award of punitive damages should be upheld.

Upon an examination of the record, this court finds that the plaintiff did not prove that Clair Rubeck, as a result of the collision, suffered property loss or personal injury before he died. No evidence that the car driven by

---

[1] See, also, Kent, Damages in Wrongful Death Actions (1968), 17 Clev. Mar. L. Rev. 233.

[2] R. C. 2305.21 provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."

the decedent was owned by him was presented at the trial. Furthermore, there was no evidence indicating that he survived the collision to experience pain and suffering before the first policeman, arriving from four miles away, found him to be dead.[3] We therefore reverse the trial court's award of $20,000 in punitive damages.[4]

### III.

The last issue raised by the instant cause is whether the trial court's award of $20,000 in pecuniary damages is supported by the evidence. If such evidence exists, plaintiff and his brothers qualify as beneficiaries under R. C. 2125.02 because they are the deceased's next of kin. (See *Karr, supra*, at page 527.)

Although collateral kindred with no legal claim on a decedent are not *presumed* to have suffered pecuniary loss, if evidence of such loss is introduced at trial, they are eligible for pecuniary damages. *Karr, supra*, paragraph five of the syllabus. In Ohio, as in the majority of jurisdictions, such loss may be evidenced by testimony that the deceased rendered financial support or services to those collateral kindred. *Karr, supra*; Annotation 31 A. L. R. 3d 379, 386. Indeed, under Ohio law those services have included farm chores (*Karr, supra*) and household work (*Blasky* v. *Wheatley Trucking, Inc.* [C. A. 6, 1973], 482 F. 2d 497).[5]

---

[3] The absence of testimony as to pain and suffering in the instant cause is in marked contrast to evidence of at least partially conscious suffering which this court found to be sufficient basis for an action for personal injury in *Flory* v. *New York Central Rd. Co.* (1959), 170 Ohio St. 185.

[4] This court having found that plaintiff failed to prove that the decedent suffered property loss or personal injury, we do not find it necessary to address the questions of whether Huffman's driving at the time of the accident constituted wanton or malicious conduct or whether the plaintiff properly alleged a cause of action which survives under R. C. 2305.21.

[5] The *Blasky* court affirmed an award of $100,000 in pecuniary damages to a husband and the grown children of a deceased who performed household chores for both her spouse and her children and who had a 14-year life expectancy.

The record in the instant cause reveals that, when Clair Rubeck died (1) he had a life expectancy of 23 years; (2) he was earning approximately $12,000 a year; (3) he contributed $100 a month and five hours a week gardening and doing household work to defray the expenses of, and insure the daily operation of, the home shared by himself and his brother Paul; and (4) he worked, without compensation, an average total of 18 hours a week of labor as a manual laborer and handyman on three farms owned wholly or in part by certain of his brothers.

This court having been presented with the testimony that the deceased provided financial support and services to his brothers—especially the testimony concerning the uncompensated services performed by him on the farms and around the home—we find the jury award of $20,000 to be supported by the evidence.

Since the evidence supports the jury's award of compensatory damages and since the plaintiff failed to establish a cause of action giving rise to punitive damages, we affirm the trial court's award of $20,000 in compensatory damages and reverse the courts below with regard to the remainder of the damages. The judgment of the Court of Appeals is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

P. BROWN, J., concurs in the judgment only.