**In the Matter of the Estate of HEINRICH AH MAI,
Deceased**

**IVA AH MAI, Administratrix**

High Court of American Samoa
Trial Division

PR No. 25-89

January 26, 1990

Before REES, Associate Justice.

Counsel: For Petitioner, Charles V. Ala'ilima

On First and Final Accounting and Request for Approval of Distribution:

Heinrich Ah Mai was a fifteen-month old child who appears to have died in an accident. His mother, Iva Ah Mai, petitioned for appointment as the administratrix of his estate and the petition was granted. She now requests Court approval for distribution of the proceeds of the estate to herself and the decedent's father.

The accounting and request for distribution lists the only asset belonging to the estate as "$15,000 --- Settlement with American Samoa Government Tort Claim." The accounting designates the decedent's parents as "next of kin." In response to the Court's inquiry, counsel for the administratrix indicates that the decedent also left brothers and sisters. These brothers and sisters are all minor children of the administratrix and her husband.

The request for distribution calls for an interpretation of A.S.C.A. § 40.0201, which provides that in the absence of children, other lineal descendants, or a surviving spouse, personal property "shall be distributed among the next of kin of the intestate." The statute does not specify whether, in the event a person is survived by one or more siblings as well as one or more parents, his "next of kin" are his parents, his siblings, or both.

This question appears never to have been directly addressed by the High Court. Nor have we been able to find guidance in the legislative history of A.S.C.A. § 43.0201 or in the statutory scheme surrounding it, with the possible exception of the parallel provision of A.S.C.A. § 40.0202 to the effect that brothers and sisters take priority over parents in the devolution of real property. This, however, can be taken either way: as an indication that the legislature believed that brothers and sisters were nearer kin than parents for inheritance

33

purposes, or as evidence of a positive intention that real property should devolve upon someone *other* than the "next of kin."[1]

Counsel for the administratrix refers us to a California case holding that "next of kin" means aunts before cousins --- and therefore, presumably, parents before brothers and sisters. *Estate of Way*, 85 P.2d 563 (Cal. App. 1938). This is an application of the "civil law rule," according to which kinship is determined by a series of steps up and down the genealogical ladder. According to this rule a person is one step away from his parents and two steps from his siblings. *See* T. Atkinson, Handbook on the Law of Wills § 18 at 69 (2d ed. 1953). According to the competing "common law rule," however, a person is related to both his siblings and his parents in the first degree. *See id.* § 7 at 45-46. The process of defining the term "next of kin" within the meaning of our inheritance statute can be restated as an inquiry into which of these rules the Fono intended to adopt, or into which rule the Court should apply in the absence of any discernible legislative intention.

The present ex parte motion, although hardly the ideal context in which to decide an important legal question of first impression, appears on its face to require such a decision. Upon closer examination, however, the motion presents a prior question whose resolution may render the inheritance question immaterial. Briefly, it is not at all clear that the estate is the true owner of the $ 15,000 tort settlement which is its only stated asset.

---

[1] The common law of England and its medieval antecedents treated the ownership of real and personal property as two radically different kinds of interest which therefore devolved differently upon death. *See* T. Atkinson, Handbook of the Law of Wills § 3 at 11-21 (2d ed. 1953). This attitude has contributed substantially more to the structure than to the substance of the statutes governing inheritance in modern England and the United States. *See id.* §§ 13, 14.

At one time the common law had it that ancestors, including parents, were absolutely prohibited from inheriting land. *See id.* § 6. This prohibition derived from feudal principles and is apparently not now in force anywhere, although the subordination of parents to siblings in A.S.C.A. § 40.0202 may be a vestige of it. That this absolute prohibition was limited to real property should not be taken to suggest any particular enthusiasm for the lineal ascension of chattels; under a statute which remained in force until at least 1833, an intestate's father inherited personal property to the exclusion of the mother and siblings, but a surviving mother received only a share equal to that of each brother and sister. *See id.* § 7 at 46-47.

The presence of two different sections for real and personal property in the American Samoan statutory scheme appears attributable to this general tradition. It affords no evidence of any specific legislative plan having to do either with differences between the two kinds of property or with their similarities.

We infer from the record that the tort settlement arose out of the death of the decedent himself. If so, the estate was entitled to recover only the reasonable expenses of the decedent's last illness and burial and compensation for any damages suffered by the decedent prior to his death. A.S.C.A. §§ 43.5001(b), 43.5002. Damages for loss of society, companionship, comfort, protection, and related damages, as well as any pecuniary loss suffered on account of the decedent's death, were recoverable not by the estate but by "the surviving spouse, parents, children or other next of kin, if any, of the decedent as the court may direct." A.S.C.A. § 43.5001(b).

The class of beneficiaries encompassed within the term "next of kin" for wrongful death purposes does not appear to designate only those persons who are first in line to inherit the decedent's real or personal property; if it did, the phrase "as the court may direct" would be superfluous and possibly mischievous. Whether or not a decedent's brothers and sisters are as closely related to him as his parents for inheritance purposes, they have frequently been allowed to recover along with parents in wrongful death actions. *See, e.g., Galo v. American Samoa Government*, 10 A.S.R.2d 94 (1989); *Continental Insurance Co. v. Ching-Sam*, CA 53-89 (1990). This practice is in accord with that of at least some other jurisdictions whose wrongful death statutes limit recovery to the "next of kin." See, e.g., *Fountain v. Chicago, R.I. & P. Ry. Co.*, 422 S.W.2d 878 (Ark. 1968); *Crystal v. Hubbard*, 324 N.W.2d 869 (Mich. 1982); *Karr v. Sixt*, 67 N.E.2d 331 (Ohio 1946). *See generally* Annotation, *Brothers and Sisters of Deceased as Beneficiaries Within State Wrongful Death Statute*, 31 A.L.R.3d 379, 390-95 (1970).

Although our wrongful death statute requires that suit be brought "on behalf of" the next of kin as designated by the Court, it also provides that the "personal representative" of the decedent (presumably the executor or administrator of his estate) may "with the consent of the court . . . , at any time before or after the commencement of the suit, settle with the defendant the amount to be paid." A.S.C.A. § 43.5001(d). The requirement of judicial consent would appear to be necessary in light of the personal representative's competing fiduciary responsibilities to the estate and to the designated next of kin --- or, in settlement negotiations prior to the filing of suit, to those whom the court would designate in the event suit should be filed --- who may or may not be distributees of the estate. In the present case the record reflects neither the filing of a lawsuit nor a request for judicial designation of the "next of kin" or for judicial approval of a wrongful death settlement.

35

The facts may, however, be different from those we have inferred. Perhaps judicial approval has been sought and received in some proceeding to which reference has not been made in this probate action, or perhaps the settlement proceeds have to do with some tort entirely unrelated to the death of Heinrich Ah Mai. Accordingly, the present motion will be set for a hearing on Thursday, February 15, 1990.

Counsel for the administratrix and for the American Samoa Government, whose interests may also be affected by our decision on the present motion, should appear at the hearing prepared to answer the following questions:

1) Did the tort settlement listed as an asset of the estate arise out of the death of Heinrich Ah Mai?

2) If so, did the claim asserted against the Government include any elements other than medical expenses, funeral expenses, and damages for which Heinrich had a right to recover prior to his death?

3) Did Heinrich's brothers and sisters have a right of action for his wrongful death under A.S.C.A. § 43.5001, or could they have acquired such a right by designation of the Court?

4) Was it the understanding of the parties to the settlement that it would foreclose any future wrongful death action not only by the parents and the estate, but also by Heinrich's brothers and sisters?

5) Should judicial approval have been sought for the settlement?

6) In light of the answers to the above questions, does the tort settlement belong to the estate or to some other person or persons?

It is so ordered.