MILLER, Admr., et al., Appellants,

v.

BODEN, Appellee.*

[Cite as *Miller v. Boden* (1995), 103 Ohio App.3d 73.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–94–36.

Decided May 10, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1409, 655 N.E.2d 187.

*John T. Barga,* for appellants.

*Arthur F. Graham,* for appellee.

---

EVANS, Judge.

This is an appeal by the plaintiff-administrator from a judgment of the Court of Common Pleas of Seneca County granting the motion of the defendant, Sandra Boden, to dismiss Brenda Miller's claim on the ground that she was not a proper party to the action.

This is a wrongful death action arising out of an automobile-pedestrian accident which resulted in the death of eleven-year-old Arlington Miller. The suit was brought in the name of Arlington's father, Ray R. Miller, administrator of Arlington's estate. Named as beneficiaries pursuant to the wrongful death statute are Ray Miller, Cynthia Miller, Arlington's mother, Brenda Miller, Arlington's stepmother (with whom he resided along with his father, brother, and sister), and Adrian and Alison Miller, Arlington's younger siblings. The fifth claim of the amended complaint states as follows:

"As a direct and proximate result of the above described negligence of the Defendant, Brenda Miller, Arlington R. Miller's step-mother[,] has suffered loss of his services, loss of his society, including the loss of his companionship, consortium, care, assistance, attention and guidance, and has incurred great mental anguish and severe emotional distress in an amount in excess of $25,-000.00."

Defendant Sandra Boden ("appellee"), driver of the automobile which struck and killed Arlington, filed a motion to dismiss the claim of Brenda Miller on the ground that a stepparent has no claim for loss of consortium under the law of Ohio. The court found the motion well taken, stating that it was "compelled by the decision in *Gallimore v. Children's Hospital,* 67 Ohio St.3d 244, 617 N.E.2d 1052 (1993)" to dismiss the claim of Brenda Miller, the deceased's stepmother, from the action. The plaintiff ("appellant") has appealed the court's dismissal of the claim, asserting the following assignment of error:

"The trial court erred in granting the defendant-appellee's motion to dismiss Claim Five of plaintiffs' complaint thereby preventing plaintiff stepmother, Brenda Miller, from exercising her right to present in a court of law and equity her claim for loss of consortium, which includes loss of services, loss of society, including loss of companionship, care, assistance, attention and guidance, mental and severe emotional distress resulting from the death of Arlington R. Miller."

Appellant urges us to find that a stepparent such as Brenda Miller who had a close and loving relationship with the child whose death was caused by a tortfeasor has a right to maintain a cause of action for loss of filial consortium against the tortfeasor. Although appellant admits that such a right has not been established in Ohio, he maintains that it is time to extend the law so that stepparents who have developed a special parent-child relationship would be treated as parents. For the following reasons, we must decline appellant's invitation to thus extend the law.

In *Keaton v. Ribbeck* (1979), 58 Ohio St.2d 443, 446, 12 O.O.3d 375, 378, 391 N.E.2d 307, 309, the Supreme Court of Ohio found that "the wrongful death statute 'is an innovation to the principles of the common law and affords the only civil remedy to compensate others for death resulting from injuries.'" *Id.*, quoting *Karr v. Sixt* (1946), 146 Ohio St. 527, 532, 33 O.O. 14, 18, 67 N.E.2d 331, 334 (criticized on other grounds by the court in *Gallimore v. Children's Hosp. Med. Ctr.* [1993], 67 Ohio St.3d 244, 249, 617 N.E.2d 1052, 1056).[1] The wrongful death statute provides for the persons permitted as plaintiffs to claim loss of consortium as a compensable loss under the statute. See R.C. 2125.02(B)(3).

The Supreme Court has determined that persons acting *in loco parentis* (which would presumably include stepparents who have assumed the role of parent) for a child whose death has resulted from another's negligence are permitted to join a wrongful death suit only where the following four tests are met by clear and convincing evidence:

"(1) The natural parents of the child have disclaimed or abandoned parental rights to the child;

---

**1.** In *Gallimore*, the Supreme Court held that "a parent may recover damages, in a derivative action against a third-party tortfeasor who intentionally or negligently causes physical injury to the parent's minor child, for loss of filial consortium." *Id.* at paragraph one of the syllabus.

The *Gallimore* court addressed only the issue of "a parent's right to recover for loss of filial society in *non-fatal* injury cases." (Emphasis added.) *Id.* at 249, 617 N.E.2d at 1056. Cf. *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 91, 585 N.E.2d 384, 391 ("it is well established that a wife has a[n independent] cause of action for damages for loss of consortium against a person who, either intentionally or negligently, injures her husband and thereby deprives her of the love, care, and companionship of her husband.")

"(2) The one claiming to be a parent has performed the obligations of parenthood for a substantial period of time;

"(3) The child and the one claiming to be parent have held themselves out to be parent and child for a substantial period of time; and

"(4) The relationship between the child and the one claiming to be parent has been publicly recognized." *Lawson v. Atwood* (1989), 42 Ohio St.3d 69, 536 N.E.2d 1167, syllabus.

Appellants do not claim, however, that the test is applicable to the situation herein. Arlington's mother, despite her disabling illness which prohibited her from participating fully in Arlington's care, has maintained a loving relationship with her children which would preclude any finding that she had "disclaimed or abandoned parental rights as to" the children.

Therefore, although mindful of the tremendous loss which may be experienced by a loving stepparent when a child dies, we do not feel that we may extend the wrongful death statute, along with its derivative action for loss of "society of the decedent," [2] to encompass any other than "the surviving spouse, minor children, parents, or next of kin," beyond the scope of the legislative enactment and the limited exception granted by the Supreme Court in *Lawson*. Therefore, appellants' assignment of error is overruled.

Having found no prejudice to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.

---

2. The statute provides that a wrongful death award may include "[l]oss of the society of the decedent, including loss of companionship, consortium, care, assistance, * * * instruction, training, and education, suffered by the surviving spouse, minor children, parents, or next of kin." R.C. 2125.02(B)(3).