[Cite as *McCarthy v. Lee*, 2025-Ohio-5193.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Brett McCarthy, Executor of the Estate of Kathleen McCarthy, | : | |
| | : | |
| Plaintiff-Appellant, | | No. 25AP-180 |
| | : | (C.P.C. No. 24CV-347) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Peter K. Lee, M.D., et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on November 18, 2025

**On brief:** *Beausay & Nichols Law Firm*, *T. Jeffrey Beausay*, and *Sara C. Nichols*, for appellant. **Argued:** *T. Jeffrey Beausay*.

**On brief:** *Fisherbroyles*, *LLP*, *Michael R. Traven*, and *Robert B. Graziano*, for appellees. **Argued:** *Michael R. Traven*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Brett McCarthy ("Brett"), executor of the estate of Kathleen McCarthy ("Kathleen"), appeals a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees Peter K. Lee, M.D. ("Dr. Lee"), and OhioHealth Physician Group, Inc. (collectively, "appellees"). For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} The present appeal arises from the latest in a series of cases based on Dr. Lee's diagnosis and treatment of Kathleen for hemorrhoids during 2010 through 2015 and

Kathleen's subsequent colon cancer diagnosis and death. The factual details of Dr. Lee's diagnosis and treatment of Kathleen are more thoroughly set forth in one of this court's decisions in an earlier appeal. *See McCarthy v. Lee*, 2022-Ohio-1033, ¶ 2-8 (10th Dist.), *rev'd*, 2023-Ohio-4699. As relevant to this appeal, the parties agree that Dr. Lee last treated Kathleen on April 15, 2015. Kathleen was diagnosed with colon cancer in April 2017 and died December 2, 2022.

{¶ 3} On January 16, 2024, acting in his capacity as executor of Kathleen's estate, Brett filed a complaint asserting a claim for wrongful death against appellees. The wrongful-death claim was brought for the benefit of Brett (in his individual capacity as Kathleen's surviving spouse), Brett and Kathleen's three children ("the McCarthy children"), Kathleen's parents, and Kathleen's siblings. The complaint alleged that two of the McCarthy children were minors at the time of Kathleen's death and remained minors at the time the complaint was filed.

{¶ 4} Appellees moved for summary judgment, asserting the wrongful-death claim was barred by the statute of repose because it was filed more than four years after the last alleged negligent act by Dr. Lee. Appellees also argued that the wrongful-death claim was barred by the doctrine of res judicata because Brett and Kathleen had asserted a wrongful-death claim in a prior action filed before Kathleen's death. Brett opposed the motion for summary judgment, arguing that the statute of repose was tolled because two of the McCarthy children were minors when Kathleen died and when the complaint was filed, and that the tolling extended to all of the wrongful-death claimants. Brett also asserted that the wrongful-death claim was not barred by res judicata because the earlier wrongful-death claim asserted in a complaint filed before Kathleen's death was an invalid anticipatory claim that had not been decided on its merits.

{¶ 5} The trial court granted appellees' motion for summary judgment, concluding the wrongful-death claim was subject to the four-year statute of repose for medical claims and that the statute of repose was not tolled due to the minority of the McCarthy children. The trial court also concluded that the wrongful-death claim was barred by res judicata.

## II.  Assignment of Error

{¶ 6}    Brett appeals and assigns the following sole assignment of error for our review:

> The trial court erred in granting defendants' motion for summary judgment.

## III.  Discussion

### A.  Standard of review

{¶ 7}    We review de novo a trial court's summary judgment decision, conducting an independent review without deference to the trial court's decision.  *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015, ¶ 6 (10th Dist.).  Summary judgment is appropriate when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party.  *Hudson v. Petrosurance, Inc.*, 2010-Ohio-4505, ¶ 29.  In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party.  *Premiere Radio* at ¶ 6.

{¶ 8}    The trial court granted summary judgment in favor of appellees because it concluded the wrongful-death claim was barred by the statute of repose, rejecting Brett's argument that the statute of repose was tolled because two of the McCarthy children were minors when Kathleen died.  The applicability of the tolling exception to the statute of repose presents an issue of statutory interpretation, which we review de novo.  *Frye v. Am. Honda Motor Co., Inc.*, 2024-Ohio-1554, ¶ 32 (10th Dist.) ("Statutory interpretation is a question of law subject to de novo review.").  The trial court also concluded that the wrongful-death claim was barred by res judicata.  "Whether res judicata applies in a particular case is a question of law that is reviewed de novo."  *Blank v. Nationwide Mut. Ins. Co.*, 2024-Ohio-2500, ¶ 33 (10th Dist.).

### B.  Applicability of the statute of repose and the tolling exception

{¶ 9}    Brett first argues that the trial court erred by concluding that the statute of repose was not tolled due to the minority of two of the McCarthy children.  Acknowledging the Supreme Court of Ohio's holding that wrongful-death claims based on medical care are subject to the medical claim statute of repose, Brett argues that the statutory exception that

tolls the statute of repose for medical claims of minor children also applies to wrongful-death claims based on medical care.  Brett further argues that, under the tolling exception, the statute of repose would be tolled as to the wrongful-death claims of all parties due to the minority of two of the McCarthy children.

{¶ 10}    The Supreme Court of Ohio recently considered the question of whether the statute of repose for medical claims set forth in R.C. 2305.113(C) applies to wrongful-death claims.  *Everhart v. Coshocton Cty. Mem. Hosp.*, 2023-Ohio-4670, ¶ 9.  The Supreme Court reasoned that the definition of "medical claim" contained in R.C. 2305.113(E)(3) was sufficiently broad to encompass wrongful-death claims based on medical care because those wrongful-death claims were asserted in a civil action against a physician and arose out of the medical diagnosis, care, or treatment of a patient.  *Id.* at ¶ 13.  Based on that reasoning, and the lack of other statutory provisions to the contrary, the Supreme Court concluded that wrongful-death claims based on medical care are subject to the four-year statute of repose set forth in R.C. 2305.113(C).  *Id.* at ¶ 33 ("Wrongful-death claims based on medical care are clearly and unambiguously included in the broad definition of 'medical claim' that applies to the statute of repose found in R.C. 2305.113(C)."); *see also id.* at ¶ 1 ("The broad definition of 'medical claim' that applies to the statute of repose clearly and unambiguously includes wrongful-death claims based on medical care, and nothing in Ohio's statutory wrongful-death chapter negates their inclusion.").

{¶ 11}    Brett argues that because *Everhart* held that wrongful-death claims based on medical care are subject to the statute of repose set forth in R.C. 2305.113(C), those claims are also subject to the tolling exception for claims by minors referred to in that statute.  R.C. 2305.113(C) provides as follows:

> Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:
>
> (1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

(2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

{¶ 12} Brett argues that the clause of R.C. 2305.113(C) stating "[e]xcept as to persons within the age of minority . . . as provided by section 2305.16 of the Revised Code" means that the tolling provision contained in R.C. 2305.16 applies to toll the statute of repose for a wrongful-death claim based on medical care brought for the benefit of a minor.  The cross-referenced statute, R.C. 2305.16, provides in relevant part as follows:

Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

Brett asserts this provision tolled the statute of repose for wrongful-death claims brought on behalf of the two McCarthy children who were minors at the time Kathleen died.  He further asserts that the minor children's wrongful-death claims were joint and inseparable from the wrongful-death claims of Kathleen's other beneficiaries because the wrongful-death claims of all parties must be brought in a single action.  Brett argues that tolling of the statute of repose for the minor children's wrongful-death claims applied to the wrongful-death claims of all beneficiaries.

{¶ 13} We cannot conclude that the tolling exception necessarily applies to wrongful-death claims based on medical care following *Everhart*.  Although *Everhart* held that wrongful-death claims based on medical care are within the definition of "medical claim" for purposes of the statute of repose, the Supreme Court also acknowledged distinctions between wrongful-claims based on medical care and other types of medical claims.  Medical claims are subject to a one-year statute of limitations under R.C. 2305.113(A), while wrongful-death claims are generally subject to a two-year statute of limitations under R.C. 2125.02(F)(1).  The *Everhart* decision expressly stated that the Supreme Court "has never considered whether [the one-year statute of limitations for

medical claims under R.C. 2305.113(A)] applies to wrongful-death claims based on medical care." *Everhart*, 2023-Ohio-4670, at ¶ 25. Thus, while the *Everhart* decision held that wrongful-death claims based on medical care are "medical claims" for purposes of the statute of repose under R.C. 2305.113(C), the decision suggests that for other purposes, such as the statute of limitations, wrongful-death claims based on medical care remain distinct claims arising under R.C. 2125.02.

{¶ 14} Because *Everhart* did not squarely address the question presented in this appeal, we must look to the language of the statute to determine whether it applies to toll the statute of repose for the wrongful-death claims asserted in this case. A court's "paramount concern in examining a statute is the legislature's intent in enacting the statute." *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067, ¶ 13. "To discern that intent, we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage." *Id.* "We give effect to the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." *Id.* "When the statutory language is unambiguous, we apply it as written without resorting to rules of statutory interpretation or considerations of public policy." *Id.*

{¶ 15} R.C. 2305.16 expressly defines the sections of the Revised Code to which it applies, referring to "sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code," and providing that tolling applies when "a person *entitled to bring any action mentioned in those sections*" is a minor. (Emphasis added.) R.C. 2305.16. A wrongful-death claim arises under R.C. Chapter 2125 and is not an action "mentioned in" Revised Code "sections 1302.98, 1304.35, and 2305.04 to 2305.14." Therefore, notwithstanding the cross-reference contained in R.C. 2305.113(C), the plain and unambiguous language of R.C. 2305.16 does not apply to wrongful-death claims arising under R.C. Chapter 2125.

{¶ 16} Concluding that R.C. 2305.16 does not apply to toll the statute of repose for wrongful-death claims based on medical care is also consistent with precedent holding that R.C. 2305.16 does not toll the statute of limitations for wrongful-death claims. The Supreme Court has held that "[t]he right to sue for wrongful death in Ohio is a statutorily created right" and that there was no right to sue for wrongful death recognized at common law. *Rubeck v. Huffman*, 54 Ohio St.2d 20, 22 (1978). "As such, the rights conferred by the

wrongful-death statute are also accompanied by the limitations imposed by that statute." *Id. See Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 2009-Ohio-1970, ¶ 16 ("[A]n action for wrongful death is governed solely by the terms of the wrongful death statute."). One of those limits on wrongful-death claims is the statute of limitations, which the Supreme Court concluded "is not merely a time limitation on the remedy; it is a restriction which qualifies the right of the action itself." *Brookbank v. Gray*, 1996-Ohio-135, ¶ 37. Therefore, the Supreme Court held, the statute of limitations on a wrongful-death claim "is not tolled by a beneficiary's minority." *Id. See Russ v. Nationwide Mut. Ins. Co.*, 2004-Ohio-1616, ¶ 18 (10th Dist.), citing *Brookbank*.

{¶ 17}   *Brookbank* favorably cited a Twelfth District Court of Appeals decision that surveyed Ohio case law and concluded "[o]n the basis of their position that a wrongful death action is one which is statutorily created, without any origins in the common law, [Ohio] courts have further held that the limitations period set forth within R.C. 2125.02 is an integral element of the right of the action itself." *Taylor v. Black & Decker Mfg. Co.*, 21 Ohio App.3d 186, 188-89 (12th Dist. 1984). Therefore, "the two-year limitations period is an essential element which qualifies the right of the action itself and is not merely a time limitation upon the remedy." *Id.* at 189. *Taylor* involved a wrongful-death claim brought almost nine years after the decedent's death; the Twelfth District concluded that the two-year limitations period was "designed to prevent" such "an indefinite period of liability for a defendant[.]" *Id.*

{¶ 18}   Similar to the conclusion in *Brookbank* that the statute of limitations is a restriction qualifying the right of action for wrongful death, the Supreme Court also has held that "[t]he statute of repose . . . operates as a substantive bar to a claim." *McCarthy v. Lee*, 2023-Ohio-4696, ¶ 22. The Supreme Court further stated that when the term of the statute of repose has passed, "[t]he claim—not just the remedy—is extinguished." *Id.* Read in the context of Ohio precedents governing the statutory action for wrongful death, and the holding in *Everhart* that wrongful-death claims based on medical care are subject to a four-year statute of repose, that language suggests the statute of repose also would be deemed an integral element of the statutory right of action for wrongful death based on medical care. Thus, as with the statute of limitations, R.C. 2305.16 would not apply to toll the statute of repose applicable to wrongful-death claims based on medical care.

{¶ 19}   Because the wrongful-death claims in this case were asserted more than four years after the last alleged negligent act by Dr. Lee, the claims were barred by the statute of repose.  Therefore, the trial court did not err by granting summary judgment in favor of appellees.

{¶ 20}   Accordingly, we overrule Brett's sole assignment of error.

### C. Res judicata

{¶ 21}   The trial court also granted summary judgment in favor of appellees based on res judicata, concluding that the wrongful-death claims arose from the same act or omission by Dr. Lee that formed the basis of earlier cases against appellees.  The trial court reasoned that there were final judgments on the merits in those earlier cases, thereby precluding Brett from bringing additional claims arising from the same act or omission in a subsequent case.  Because we conclude that the trial court properly granted summary judgment in favor of appellees based on the statute of repose, we need not address the alternative grounds of res judicata.  Accordingly, we decline to address whether the wrongful-death claims were barred by res judicata.

## IV. Conclusion

{¶ 22}   For the foregoing reasons, we overrule Brett's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————