COLLINS, ADMX., APPELLANT, *v.* YANITY, ADMR., APPELLEE, ET AL. (Two cases.)
COLLINS, GDN., APPELLEE, *v.* YANITY, ADMR., APPELLANT, ET AL. (Three cases.)

(Nos. 41181, 41182, 41183, 41184 and 41185—Decided
May 15, 1968.)

204

*Messrs. Walker & Mollica, Mr. William Parker Walker, Messrs. Crabbe, Newlon, Bilger, Brown & Jones* and *Mr. James L. Graham,* for J. B. Yanity, Jr., Administrator.

*Messrs. Combs & Combs, Messrs. Power, Griffith, Jones & Bell* and *Mr. James F. Bell* and *Mr. William R. White,* for Dollie Collins, Administratrix.

TAFT, C. J.   Our decision in *Meinberg v. Glaser, ante,* 193, is dispositive of all the questions raised in the three personal injury actions except one. That question is whether in each of those actions the failure to file suit within two months of the rejection by the administrator of the estate of a claim against the estate for bodily injury bars an action for that bodily injury against that administrator where no part of the recovery sought is to come from "assets of the estate," within the meaning of those words as used in Section 2117.07, Revised Code.

In our opinion, Section 2117.12, Revised Code, deals only with claims which must be presented to the administrator or executor.  If the claimant is to have a right to payment of a claim for bodily injury out of assets of the estate, the claimant must file the claim as and within the four-month time specified in Section 2117.06, or as provided in and within the nine-month time specified in Section 2117.07, Revised Code.  Then, if such claim is rejected, the claimant must file suit within two months after such rejection or be barred from establishing a claim enforceable against "assets of the estate," as those words are used in Section 2117.07, Revised Code.

On the other hand, as we held in *Meinberg v. Glaser,* where all recovery on a claim for bodily injury is to come from other than such assets of an estate, an action for such bodily injury can be brought against the administrator within two years after the cause thereof arose.

Since such an action can be brought in such instance if

no claim is presented to the executor or administrator, we are of the opinion that it can be brought even if a claim is presented to the executor or administrator and even if no suit is filed within two months after his rejection of such a claim.

It follows that the judgments in the three personal injury actions must be affirmed.

In view of our conclusions with regard to the three personal injury actions, we agree with the statement by plaintiffs that "the entire controversy in these two wrongful death cases centers around the 1963 amendment to Section 2117.07, and whether it is applicable to a wrongful death action."

In our opinion, the answer to the question so posed depends upon the following words used by the General Assembly in that amendment and upon which plaintiffs must rely:

"Nothing in this section or in * * * 2117.06 * * * shall reduce the time mentioned in Section 2305.10 * * * provided that no portion of any recovery on a claim brought pursuant to such section * * *."

These words clearly indicate that we must look to Section 2305.10, Revised Code, not only to see what time is mentioned therein, but also to see what kind of a claim is provided for therein. The language of the 1963 amendment of Section 2117.07, Revised Code, unmistakably specifies that the amendment is to give relief from Sections 2117.06 and 2117.07, Revised Code, only with regard to a "claim brought pursuant to" Section 2305.10, Revised Code. That section reads:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Section 2305.10, Revised Code, is a statute of limitations. Of course, a claim is not brought pursuant to such a statute. However, it is quite apparent why the General Assembly used the words "brought pursuant to" in its amendment of Section 2117.07, Revised Code. It simply

took the word, "brought," from Section 2305.10, Revised Code, and, in doing so, thereby expressed clearly an inten-tion in its amendment of Section 2117.07 to deal only with claims such as are covered by Section 2305.10, Revised Code.

Section 2305.10, Revised Code, dealt only with "an action for bodily injury or injuring personal property." An action or claim for wrongful death is not such an action.

Actually, an action for wrongful death is brought pursuant to other statutes, i e., Sections 2125.01 and 2125.02, Revised Code, which create the right of action, define it and specify the time within which such action must be brought. Without those statutes, there would be no cause of action for wrongful death in Ohio. *Pittsburgh, Cincinnati & St. Louis Ry. Co.* v. *Hine* (1874), 25 Ohio St. 629, 634; *Mahoning Valley Ry. Co.* v. *Van Alstyne* (1908), 77 Ohio St. 395, 400, 83 N. E. 601; *May Coal Co.* v. *Robinette* (1929), 120 Ohio St. 110, 165 N. E. 576.

Quite clearly, a cause of action for wrongful death must be "brought" pursuant to and its existence and the time within which it must be "brought" are dependent upon statutes other than Section 2305.10, Revised Code. The words, "an action for bodily injury or injuring personal property," in the latter statute do not include an action for wrongful death.

If we adopted plaintiffs argument that the General Assembly intended, by what it said in the 1963 amendment of Section 2117.07, Revised Code, to permit an action against an administrator or executor at any time "within two years after the cause thereof arose" on any claim where "no portion of any recovery * * * shall come from the assets of an estate," we would necessarily have to impute to the General Assembly the strange intention of having that amendment operate in some instances so as to extend from one to two years the general statute of limitations (Section 2305.11, Revised Code), relating to actions "for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice."

208

For the foregoing reasons, the judgment of the Court of Appeals in each of the two death actions is affirmed.

*Judgments affirmed.*

MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

ZIMMERMAN, J., concurs in paragraph four of the syllabus and in the judgments affirming the judgments of the Court of Appeals in the two wrongful death actions; otherwise he dissents.

BROWN, J., concurs in paragraph one of the syllabus, and in the judgments in the personal injury actions, but dissents from the judgments in the wrongful death actions.