SCHAFFER et al., Appellants,

v.

GATEWAY HARVESTORE, INC., Appellee, et al.

[Cite as *Schaffer v. Gateway Harvestore, Inc.* (1998), 129 Ohio App.3d 448.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–98–03.

Decided Aug. 19, 1998.

**450**

*James T. Ball,* for appellants.

*Eastman & Smith, Ltd., M. Donald Carmin* and *David F. Cooper,* for appellee.

EVANS, Judge.

This appeal is brought by Constance and Jeanne Schaffer, appellants, on behalf of their minor children, Taaron and Leah Schaffer, from a judgment of the Court of Common Pleas of Auglaize County granting a motion for summary judgment in favor of appellee, Gateway Harvestore, Inc., in appellants' wrongful death action.

On June 26, 1989, David and Garry Schaffer, two brothers from Monroeville, Ohio, were found dead at the bottom of a pit of liquified cow manure located on their family farm. Each man was survived by a wife and minor child. On January 13, 1997, a wrongful death suit was filed on behalf of appellants, Taaron and Leah Schaffer, against Gateway Harvestore, Inc. ("Gateway"), the company that allegedly designed and constructed the manure-handling system used on the Schaffer farm.[1] The complaint claimed that Gateway caused the wrongful death of David and Garry Schaffer, based on theories of negligence, strict liability, breach of warranty of merchantability, breach of warranty of fitness for a particular purpose, and respondeat superior. Gateway filed an answer on July 9, 1997, denying liability for the accident and asserting numerous defenses including the defense that appellants' claims were barred by the statute of limitations.

On October 9, 1997, Gateway filed a motion for summary judgment. Among various arguments made by Gateway, the company alleged that no issue existed for trial on the wrongful death claims since appellants had failed to bring their claim within two years of their decedents' deaths, as required under the wrongful death statute, R.C. 2125.02(D).[2] Appellants responded to the motion for summary judgment on December 5, 1997, countering with the argument that the time period in which they had to proceed in a wrongful death claim was tolled due to the minority of the claimants in this case, pursuant to R.C. 2305.131 and 2305.16.

---

**1.** The complaint also named A.O. Smith Harvestore Products, Inc. ("A.O. Smith") as a defendant. Summary judgment was granted in favor of A.O. Smith on June 25, 1997. Appellants did not appeal that decision. Consequently, the only defendant that is a party to this appeal is Gateway Harvestore, Inc.

**2.** Since this cause of action arose, significant changes have affected many of the statutes discussed in this opinion. The statutory references made herein refer to the versions in effect in June 1989.

The trial court granted summary judgment in favor of Gateway, finding that the two-year statute of limitation contained in the wrongful death statute barred appellants' claims.[3]

Appellants appeal from the decision of the common pleas court, asserting three assignments of error.

I

"The trial court erred as a matter of law in holding that plaintiffs' claims are barred by the statute of limitations where the action was based upon the defective and unsafe condition of an improvement to real property and such actions are specifically tolled with respect to minors."

The manure pit from which the bodies of David and Garry Schaffer were extricated was a part of a larger manure-handling system installed on the Schaffer farm by Gateway in 1979. Pursuant to R.C. 2305.131, appellants' complaint alleged that Gateway was liable for the wrongful death of the Schaffer brothers because Gateway created a defective and unsafe condition of an improvement to real property. The applicable version of R.C. 2305.131 states:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction."

Furthermore, appellants contend that the ten-year statute of repose contained in R.C. 2305.131 may be tolled for a minor until the child reaches the age of majority, as provided by R.C. 2305.16, which states:

"Unless otherwise provided in sections 2305.04 to 2305.14 * * * of the Revised Code, if a person entitled to bring any action mentioned in such sections * * * is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed."

■ Thus, appellants believe that an action against a constructor of an improvement to real property for wrongful death arising out of the defective and

---

**3.** In addition to the instant action, the record indicates that appellants had previously filed a wrongful death action in June 1991. That complaint was voluntarily dismissed by appellants without prejudice in July 1992. When ruling on the motion for summary judgment, the trial court noted that appellants had failed to bring their case back to court within one year from the date of voluntary dismissal in accordance with the saving clause provided in R.C. 2125.04.

unsafe condition to an improvement to real property is specifically tolled for minors until they reach the age of majority. If tolling is allowed, appellants allege, they have timely filed their wrongful death claims. We are not persuaded by this argument.

The defect in appellants' argument becomes evident upon the recognition that the right to bring a wrongful death action is statutorily created, finding its basis solely in R.C. Chapter 2125. At common law, an action for wrongful death did not exist. *Keaton v. Ribbeck* (1979), 58 Ohio St.2d 443, 446, 12 O.O.3d 375, 376–377, 391 N.E.2d 307, 309; *Rubeck v. Huffman* (1978), 54 Ohio St.2d 20, 22, 8 O.O.3d 11, 12–13, 374 N.E.2d 411, 413. R.C. 2125.01 and 2125.02 "create the right of action, define it and specify the time within which such action must be brought. Without those statutes, there would be no cause of action for wrongful death in Ohio." *Collins v. Yanity* (1968), 14 Ohio St.2d 202, 207, 43 O.O.2d 301, 304, 237 N.E.2d 611, 614. Thus, by will of the General Assembly, the right to pursue an action for wrongful death is established in R.C. 2125.01, which states:

"When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued * * * shall be liable to an action for damages, notwithstanding the death of the person injured * * * ."

In conjunction with this right, R.C. 2125.02 sets out the procedural requirements of a wrongful death action. Under R.C. 2125.02(A), a wrongful death action must be brought "in the name of the personal representative of the decedent" for the benefit of the spouse and children, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death. In addition, an action for wrongful death must be brought within two years of the decedent's death. R.C. 2125.02(D). However, it is critical to recognize that R.C. 2125.02(D) not only describes a time limitation for bringing an action, "it expresses an integral element of the right of the action itself." *Sabol v. Pekoc* (1947), 148 Ohio St. 545, 552, 36 O.O. 182, 185, 76 N.E.2d 84, 88. A demonstration that a decedent's death has taken place within two years of instituting a wrongful death suit is in fact a condition precedent to bringing a wrongful death action. *Id.*

"[I]f an action is not brought within two years from the death of the decedent it must fail, not because a statute of limitations provides the time within which it must be brought but because the time limit is of the very essence of the action." *Id.*

Appellants' argument on appeal places undue emphasis on the act of negligence allegedly causing their decedents' deaths, thereby misconstruing the true nature

of their claim. Clearly, this case is an action for wrongful death. The fact that David Schaffer's and Garry Schaffer's deaths may have been the result of a defective and unsafe condition to an improvement to real property by a contractor or builder is secondary to the issue of whether appellants have qualified to bring a wrongful death action in the first instance. Whether the "wrongful act, neglect, or default" giving rise to an action for wrongful death pursuant to R.C. 2125.01 is committed by a builder as alleged in this case or, for example, by a doctor in a malpractice action, the requirements that qualify the right of the action set out in R.C. 2125.02 must first be established, or the claim fails.

We find *Klema v. St. Elizabeth's Hosp.* (1960), 170 Ohio St. 519, 11 O.O.2d 326, 166 N.E.2d 765, instructive on this point. In *Klema,* the plaintiff's decedent died as a result of an alleged negligent act of a doctor on staff at the defendant's hospital. Plaintiff filed a wrongful death action based on the wrongful acts by the doctor and recovered a judgment in her favor. The defendant in *Klema* argued that the plaintiff was time-barred from bringing a wrongful death suit based on an alleged wrongful act by a doctor after one year, the statute of limitation for the underlying malpractice action, despite the two-year limit for a wrongful death action. Relying on the historical development of the wrongful death statute, the Supreme Court held that an action for wrongful death would not be defeated merely by reason of the statute of limitation that would have been applicable to the decedent's malpractice action. *Id.* at 525, 11 O.O.2d at 329, 166 N.E.2d at 770. The Supreme Court offered the following analogy in reaching its conclusion:

"It is, of course, provided by law that a cause of action based upon a contract must be brought within six years. But should an action be brought against a carrier for a claimed breach of contract to safely transport which resulted in death, such action certainly would be controlled by the wrongful death limitation rather than the statute of limitations on contracts. *Andrianos v. Community Traction Co.,* 155 Ohio St. 47 [44 O.O. 72], 97 N.E.2d, 549. There is no more reason for shortening the time within which a death action may be brought because of a shorter limitation imposed on a different action than there is for lengthening it because of a longer limitation allowed in another action." *Id.*

The wisdom behind this excerpt is applicable to this case. The time limits prescribed in the wrongful death statute cannot be diminished or embellished based on the underlying wrongful act that caused the death of the decedent in a particular case. To do so would be an abrogation of the statute, since the two-year time limit is a precondition to the very existence of the wrongful death cause of action. See *Sabol, supra.* Once the elements of R.C. 2125.02 are met, the question of whether R.C. 2305.131 applies to allow a claim against a builder or contractor may be broached.

In this case, the deaths of the decedents triggered the start of the R.C. 2125.02 clock in June of 1989. Pursuant to this section, the time limit for filing a wrongful death action expired in June 1991, R.C. 2305.131 and the tolling provisions provided for in R.C. 2305.16 having no effect on this fact.[4] While appellants commenced an action for wrongful death within the appropriate time frame, this action was subsequently voluntarily dismissed. See fn. 3, above. The action was not revived within the limits of the one-year saving statute, R.C. 2125.04. As a result, it is now impossible for appellants to satisfy the two-year statutory element of a wrongful death action. Consequently, the trial court correctly found that appellants were foreclosed from further litigation of a wrongful death claim and properly granted summary judgment in favor of Gateway. Due to the foregoing, we overrule appellants' first assignment of error.

## II

■ "The trial court erred as a matter of law in granting summary judgment because the limitation provision in the former Wrongful Death Act, R.C. 2125.02(D), is an unconstitutional violation of plaintiffs' right to equal protection under the law."

Appellants claim that R.C. 2125.02(D) is unconstitutional because, when applied to minors, it does not bear a rational relationship to its stated goals. Appellant contends that the governmental interest in establishing a wrongful death cause of action is threefold: "(1) to compensate those who have been deprived of a relationship, (2) to ensure that tortfeasor bears the cost of wrongful acts, and (3) to deter harmful conduct which may result in death." *Lawson v. Atwood* (1989), 42 Ohio St.3d 69, 70, 536 N.E.2d 1167, 1168, citing *O'Grady v. Brown* (Mo.1983), 654 S.W.2d 904, 908. According to appellants, these goals are compromised when the statute is applied to minors, since minors have no standing to bring an action before a court. By the time a minor reaches the age when he can be charged with the responsibility of protecting his legal interests, he may have lost his cause of action under R.C. 2125.02, as is the case here, according to appellants.

Furthermore, appellants contend that R.C. 2125.02(D) violates the Equal Protection Clause because it provides different treatment to minors depending on the nature of their claims. While tolling for minors is permitted under the actions described in R.C. 2305.16, appellants find no rational basis for denying minors the same protection in reference to wrongful death claims.

---

4. We also note that in *Taylor v. Black & Decker Mfg. Co.* (1984), 21 Ohio App.3d 186, 190, 21 OBR 199, 202, 486 N.E.2d 1173, 1177, the court of appeals held that the time limitation imposed by R.C. 2125.02(D) is not tolled by a beneficiary's minority.

When reviewing the constitutionality of former R.C. 2125.02(D), we are guided by the principles of statutory construction. There is a strong presumption in favor of the constitutionality of a statute. *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552, 553–554; *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200, 1201. Doubts regarding the validity of the statute are to be decided in favor of the statute. *Gill, supra.*

■ "The limitations placed upon governmental action by the Equal Protection Clauses of the Ohio and United States constitutions are essentially identical." *Kinney v. Kaiser Aluminum & Chem. Corp.*(1975), 41 Ohio St.2d 120, 123, 70 O.O.2d 206, 208, 322 N.E.2d 880, 882. The test under both constitutional provisions requires us to determine whether R.C. 2125.02(D) "has imposed differential treatment upon similarly situated classes of individuals, which treatment cannot be rationally justified by a conceivable, legitimate state interest." *Keaton,* 58 Ohio St.2d at 445, 12 O.O.3d at 376, 391 N.E.2d at 308, citing *Williamson v. Lee Optical, Inc.* (1955), 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563.

■ Contrary to appellants' assertion, we find no violation of the Equal Protection Clause in this case. Appellants' argument overlooks a critical but dispositive factor in wrongful death cases. A surviving child of a decedent wrongfully killed, whether a minor or adult at the time of the decedent's death, does not have standing to bring a wrongful death action. As R.C. 2125.02(A)(1) states, "an action for wrongful death *shall* be brought in the name of the personal representative of the decedent." (Emphasis added.) [5] Thus, while a surviving spouse, child, or parent may be the real party in interest in the case, a suit brought by anyone other than the personal representative, admittedly a nominal party, will not meet the statutory requirements for the action. *Burwell v. Maynard* (1970), 21 Ohio St.2d 108, 110, 50 O.O.2d 268, 269–270, 255 N.E.2d 628, 629. The purpose behind the requirement that a wrongful death action be brought in the name of the personal representative, and not individual beneficiaries of the action, is explained in *Ramsey v. Neiman* (1994), 69 Ohio St.3d 508, 511, 634 N.E.2d 211, 213:

"Such a requirement eliminates the possibility that the defendant will face more than one lawsuit. It also allows for potential conflicts of interest to be revealed in advance of the filing of the action. And it ensures to some degree that the wrongful death action will be brought by a person who will act in the best interests of the beneficiaries, the real parties in interest."

---

**5.** The term "personal representative" has been held to include court-appointed administrators and executors. *Ramsey v. Neiman* (1994), 69 Ohio St.3d 508, 512, 634 N.E.2d 211, 213–214. The court in *Ramsey* noted that unlike other states, Ohio's wrongful death statute does not define "personal representative" according to familial relationships. *Id.* at 511, 634 N.E.2d at 213.

■ Consequently, minors are represented through the personal representative of the decedent just as any other adult beneficiary to the action. The personal representative acts on behalf of all beneficiaries. Appellants have not demonstrated how those within the class of beneficiaries are not being treated equally through their common representation. Thus, we need not reach the question of whether the disparate treatment is rationally related to a government interest. We note that while appellants argue that minors are unfairly disadvantaged because they have no authority to compel a representative to bring a wrongful death action, a failure on the part of a personal representative to file a legitimate wrongful death action on behalf of a minor or adult beneficiary is not without its own remedies.[6] We find no merit in appellants' second assignment of error.

### III

"The trial court erred as a matter of law in holding that the amended complaint now bars the minor plaintiffs' cause of action."

In their third assignment of error, appellants complain that the trial court erred in holding that an amended complaint, renaming the parties in this case to comply with R.C. 2125.02(A), barred the minors' wrongful death claims.

The record reveals that the trial court allowed the amendment of appellants' complaint, thereby recognizing that the complaint was filed by Constance and Jeanne Schaffer, as the administrators of David's and Garry's estates, in accordance with R.C. 2125.02(A). The trial court went on to mention a previous wrongful death action that had been initially filed in a timely manner by these administrators but had not been timely reinstituted in accordance with the saving provisions. See fn. 3, above. The trial court concluded that appellants' present action was time-barred. For the reasons expressed in our review of appellants' first assignment of error, this court is in agreement with the decision rendered by the trial court. Appellants' third assignment of error is overruled.

In the event we found merit in any of appellants complaints on appeal, Gateway offered a cross-assignment of error for the purpose of preventing a reversal of the trial court's decision granting Gateway's motion for summary judgment. Because we find no merit in appellants' claims, Gateway's cross-assignment of error is moot.

---

6. Beneficiaries may bring subsequent actions for breach of fiduciary duty or malpractice, if the alleged error occurred at the direction of the personal representative's legal counsel. See, generally, *DePugh v. Sladoje* (1996), 111 Ohio App.3d 675, 676 N.E.2d 1231.

Having found no error prejudicial to appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW, P.J., and HADLEY, J., concur.