JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Edward McDonald and Beverly Skelley, Co-Administrators of the Estate of Levi McDonald, Deceased, appeal from a summary judgment entered in favor of defendant-appellee State Farm Mutual Automobile Insurance Company by the trial court on plaintiffs' claim for underinsured motorists liability coverage. Plaintiffs claim that the trial court erred in holding that their claims were barred by the two-year limitations provision in the policy. We find no error and affirm.
On April 14, 1991, seventeen-year-old Levi Eugene McDonald was a passenger in a car driven by Jeffrey Kadlowec. While participating in an illegal drag race on a city street, Kadlowec collided with another vehicle. Three people were seriously injured and three others, including Levi McDonald, were killed. Levi McDonald was survived by his father, Edward McDonald, his mother, Beverly Skelley, his brother, Sean McDonald, and half-brother, Steven Skelley. Edward McDonald and Beverly Skelley were divorced at the time of the accident.
Kadlowec was covered by a liability insurance policy issued by State Farm with limits of $25,000 per person and $50,000 per accident. Pursuant to a settlement agreement, State Farm paid each victim or his representative $8,333.33, thereby exhausting Kadlowec's liability coverage. The funds allocated to the Estate of Levi McDonald were divided equally between Edward McDonald and Beverly Skelley.
At the time of the accident, the father, Edward McDonald, was also insured by State Farm. His automobile liability policy included uninsured/underinsured (UM/UIM) coverage with limits of $100,000 per person and $300,000 per accident. Levi McDonald, as a resident of his father's household, qualified as an insured under his father's State Farm policy. Edward McDonald presented a claim to State Farm for the damages that he and other statutory beneficiaries were entitled to receive as a result of the wrongful death of his son.
Plaintiff Beverly Skelley presented an identical claim to her UIM carrier, Nationwide Insurance Company. Both Beverly Skelley and Edward McDonald obtained identical settlements from their respective insurance companies: $95,833.34, which represented the $100,000 per person policy limit less one-half of the amount received from the settlement with the tortfeasor. This was the maximum recovery permitted under the provisions of the State Farm and Nationwide policy contracts and the law of Ohio at that time. See State Farm Auto. Ins. Co. v. Rose (1991), 61 Ohio St.3d 528
(An automobile insurance company may apply a single limit to separate claims arising out of a single bodily injury, notwithstanding the provisions of R.C. 2125.02, provided that such policy limitation tracks the corresponding limitation on liability coverage, and is unambiguously stated). The State Farm policy (and presumably the Nationwide policy, as well) also provided that UM/UIM coverage was available only to those persons who qualified as insureds' under the policy which was also in accord with Ohio law at the time of the accident. See, e.g., Wood v. Shepard (1988), 38 Ohio St.3d 86 (Only an insured under the underinsured motorist provision can recover under the policy for injury or wrongful death).
The settlements with the tortfeasor's liability carrier and their own UIM carriers were jointly presented by Edward McDonald and Beverly Skelley to the Cuyahoga County Probate Court for approval on January 16, 1992. The Probate Court approved the settlements and distributed the proceeds as follows: $86,250 to plaintiff Beverly Skelley; $96,250 to plaintiff Edward McDonald; and $10,000 each to plaintiffs Sean McDonald and Steven Skelley. The payments to the beneficiaries totaled $202,500, which included $2,500 in funeral expenses under the tortfeasor's insurance policy. Following approval of the settlement distribution by the Probate Court, the Estate of Levi McDonald was closed on July 14, 1993.
In October 1993, the Ohio Supreme Court rendered its decision in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500. Savoie overruled State Farm Auto. Ins. Co. v. Rose, supra, and reaffirmed its earlier holding in Wood v. Shepard, supra, that [e]ach person who is covered by an uninsured/underinsured policy and who is presumed to be damaged pursuant to R.C. 2125.01 has a separate claim subject to a separate per person policy limit. Savoie, paragraph four of the syllabus.
Based upon this change in the law, plaintiffs sought to re-open their claims for UIM coverage under the State Farm policy. This suit against State Farm was filed April 27, 1994, more than three years after the decedent's accident. The trial court granted State Farm summary judgment on the basis of the plaintiffs' failure to comply with the contractual limitations provision in the State Farm policy which required any suit against State Farm for UM/UIM coverage to be brought within two years of the accident giving rise to the claim.
State Farm conceded in the trial court that it had waived any subrogation rights it might have had against Jeffrey Kadlowec, the driver of the car in which the decedent was killed. Accordingly, State Farm has presented no argument on that issue on appeal. Accordingly, we will give no attention to that issue.
We will address plaintiffs' assignments of error in the order presented.
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT STATE FARM AND FAILING TO GRANT PARTIAL SUMMARY JUDGMENT TO PLAINTIFFS.
 A. PLAINTIFFS' CLAIMS ARE NOT BARRED BY AN ALLEGED FAILURE TO PROTECT STATE FARM'S PURPORTED SUBROGATION RIGHTS AGAINST THE TORTFEASOR SINCE STATE FARM ADMITTED BELOW THAT IT INTENTIONALLY WAIVED THOSE RIGHTS.
 B. THE TIME LIMITATION PROVISIONS SET FORTH IN THE STATE FARM POLICY ARE VOID AS A MATTER OF LAW, INAPPLICABLE TO THESE CLAIMANTS, AND SO AMBIGUOUS AS TO BE UNENFORCEABLE.
C. AS A MATTER OF PUBLIC POLICY, TIME
 LIMITATIONS CONTAINED IN AN INSURANCE POLICY AND OTHERWISE APPLICABLE TO PURSUIT OF CLAIMS FOR UM/UIM COVERAGE SHOULD NOT BE ENFORCED WHEN UNLAWFUL TERMS OF THE POLICY FALSELY INFORM POTENTIAL CLAIMANTS THAT THEY HAVE NO RIGHTS UNDER THE POLICY.
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
The policy issued to Edward McDonald provided in several places limitations on the time in which to bring an action. The arbitration clause in the policy provided:
 Regardless of the method of arbitration used, any award not exceeding the limits of the Financial Responsibility law of Ohio shall be binding on each party. When any award exceeds these limits, either party has a right to a trial on all issues in the proper court. This right to trial must be exercised within 60 days of the award. Costs, including attorney fees shall be paid by the party incurring them.
The plaintiff correctly argues that the Ohio Supreme Court in Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, has found an almost identical version of the above arbitration clause to be unenforceable as it is not truly an arbitration clause. An arbitration award is binding and by permitting a trial if an award exceeds the limits of the Financial Responsibility Law, the arbitration is nonbinding. However, although we agree the above arbitration clause is unenforceable, this does not affect the remainder of the policy. As a general rule, where an unenforceable provision is not material to the contract, courts will sever such a provision and enforce the balance of the contract. Restatement 2d, Contracts S184. The court may not rewrite or revise the contract, and should enforce a contract to the extent that it is legal and enforceable. Toledo Police Patrolmen's Association v. City of Toledo (1994), 94 Ohio App.3d 734, 740. The Ohio Supreme Court has held that arbitration agreements are separable from the general contracts in which they are contained. ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 501; See, also, Cross v. Carnes (1998), 132 Ohio App.3d 157, 165.
The State Farm policy issued to Edward McDonald also provided in two separate places that any suit against the company for UM/UIM coverage must be commenced within two years. The uninsured motorist coverage provisions at page 13 of the policy state: Any arbitration or suit against us will be barred unless commenced within two years after the date of the accident. The Conditions section of the policy at page 21 additionally provided:
 CONDITIONS
* * *
2. Suit against Us There is no right of action against us:
* * *
 d. under uninsured motor vehicle coverage unless such action is commenced within two years after the date of the accident.
The trial court found these contractual limitations provisions valid and enforceable because it is undisputed that plaintiffs did not bring this action against State Farm until more than three years after the accident. We agree with the trial court that plaintiffs' claims are barred by the two-year contractual limitation.
Plaintiffs contend that the two-year contractual limitations provisions in the State Farm policy have been declared invalid by the Ohio Supreme Court in Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627. However, as we read Kraly, it does not hold that all contractual limitations provisions are per se invalid and unenforceable with respect to UM/UIM motorist coverage.
The facts of Kraly indicate that the tortfeasor's liability insurance carrier was declared insolvent while suit was pending against the tortfeasor. This insolvency lead to a situation where the plaintiffs, because of the contractual limitations clause in their policy, had just three and one-half months following notice of the insolvency to bring suit against their uninsured motorist carrier. Before the tortfeasor's insurance company's insolvency, the plaintiffs had no claim for recovery under their uninsured motorist policy. On those facts, the Supreme Court found the contractual limitations provision per se unreasonable. Kraly does not control the instant case.
Kraly did not hold that all contractual limitations are invalid. It is undisputed that the claim for UIM coverage accrued on the date of the decedent's accident and plaintiffs concede as much. In some circumstances, such as in this case, the cause of action against the uninsured or underinsured motorist will accrue on the date of the accident. (Aplt's Brf. at 20). Thus, plaintiffs had two full years following the accident to bring an action against State Farm for UIM coverage. State Farm does not propose to extinguish a claim for uninsured motorist coverage by establishing a limitations period which expires before or shortly after the accrual of a right of action for such coverage * * * as found in Kraly.
Furthermore, Miller v. Progressive Cas. Ins. Co. (1994),69 Ohio St.3d 619, which was decided on the same day as Kraly, held that a one-year contractual limitation for bringing an action for UM/UIM coverage was void as against public policy. However, in Miller, the court reaffirmed its support for reasonable contractual limitations provisions: [I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one. Id. at 624 (emphasis added). Further the court went on to specifically state:
 Finally, we do not suggest that time-limitation provisions of the type at issue in this case are altogether prohibited.
 Consistent with our analysis, a two-year period, such as that provided for bodily injury actions in R.C. 2305.10, would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy. (Emphasis in original.)
Id. at 624-625.
More recently in Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, the Court further clarified its holding in Kraly as follows:
 In Kraly, the court determined that the insolvency [of the tortfeasor's liability insurance carrier] was the triggering event for uninsured motorist coverage. Id. at 634, 635 N.E.2d at 328. The court analogized the situation in Kraly to those instances when a cause of action accrues upon discovery of the alleged harm. The court reasoned that on the date of the accident, the tortfeasor was insured, and, thus, any claim for uninsured motorist benefits before the insolvency would not have been contemplated. Moreover, the court recognized that using the date of the accident as the accrual date for the Kraly's uninsured motorist claim would have been manifestly unfair given the date of the insolvency of the tortfeasor's carrier because the Kraly's time for filing such a claim was unreasonably brief, given the contractual limitations period. Id. at 633-634, 635 N.E.2d at 327-328.
* * *
 Kraly unarguably involved a unique factual situation, and this court accordingly fashioned a remedy based upon concepts of fairness and public policy. In any event, Kraly should not be read to stand for the proposition that claimants' rights to underinsured motorist coverage are contingent upon satisfaction of contractual preconditions to such coverage. An automobile liability insurance policy will typically require exhaustion of the proceeds of a tortfeasor's policy before the right to payment of underinsured motorist benefits will occur.
 However, the date that exhaustion of the tortfeasor's liability limits occurs is not determinative of the applicable law to a claim for underinsured motorist coverage.
Id. at 286-287.
Thus, it clearly appears that the Supreme Court has acknowledged that a two-year contractual limitations provision, such as the one at issue in this appeal, would be reasonable and appropriate.
This Court has upheld and enforced the identical two-year limitations provision in an analogous factual situation. In Veloski v. State Farm Mut. Auto Ins. Co. (1998), 130 Ohio App.3d 27, the plaintiff, a State Farm insured, reported that she had been injured in an accident caused by an unidentified, hit-and-run motorist. However, there was no physical contact between the two vehicles, which at the time of the accident in July 1992, was a prerequisite to UM coverage under the policy. Plaintiff, through counsel, made a claim for uninsured motorist coverage under her State Farm policy. When State Farm requested the plaintiff insured's recorded statement, her attorney declined and withdrew the uninsured motorist coverage claim. Almost four years later, in Girgis v. State Farm Mut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302, the Supreme Court struck down the physical contact requirement as an absolute prerequisite to recovery of UM coverage. In July 1996, plaintiff Veloski attempted to re-open her claim pursuant to the law as newly announced in Girgis, but State Farm denied coverage because plaintiff did not bring an action against State Farm within two years of the July 1992 accident. The State Farm policy at issue in Veloski provided, as does the one now before this Court, that any arbitration or suit against us will be barred unless commenced within two years after the date of the accident. Veloski at 28. Plaintiff argued that State Farm's contractual limitations provision was against public policy. This Court, relying upon the Supreme Court's decision in Miller, supra, rejected plaintiff's argument and held the two-year contractual limitations provision in the State Farm policy to be valid and enforceable. In arriving at that decision, the Court reasoned: To permit an unending period of time (or even to limit the period to fifteen years as appellant argued orally) would allow policyholders to sit on their claims indefinitely while waiting for the law to change. Veloskiat 30. See, also, Marsh v. State Auto. Mut. Ins. Co. (1997), 123 Ohio App.3d 356 to the same effect.
The McDonald and Skelley plaintiffs also argue that State Farm's limitations provision as stated in the Conditions section is ambiguous, and thus should be unenforceable, in that it does not define the terms action, right of action, and commence. However, the policy at page 13 also states that any arbitration or suit against us will be barred unless commenced within two years after the date of the accident. We see nothing ambiguous about this language. It should be given its ordinary, plain English meaning.
Plaintiffs also argue that the limitations provision should not be enforced because conditions precedent to coverage under the policy are ambiguous in operation as to them, some of whom are not defined as insureds under the State Farm policy. This argument ignores the fact that plaintiff Edward McDonald is an insured under the policy and, indeed, had no difficulty making a claim and receiving $95,833.34 in UIM coverage from State Farm.
The plaintiffs also ignore the Supreme Court's detailed discussion in Holt v. Grange Mut. Cas. Co. (1997), 79 Ohio St.3d 401
regarding the role of the personal representative in pursuing claims for wrongful death from the tortfeasor and the decedent's UM/UIM insurer. The Court explained that in a wrongful death suit or claim, the person bringing the claim acts not as administrator or executor of the decedent's estate, but rather as the decedent's personal representative. Id. at 406. The personal representative acts on behalf of the decedent's statutory beneficiaries to recover damages that the decedent could have recovered for himself, but for his death. Id. at 406. Thus, the personal representative conceptually steps into the shoes of the insured decedent and is the conduit through which the beneficiaries recover damages. Id. at 407. It is the personal representative, standing in the shoes of the insured decedent, and not the non-insured beneficiaries, who pursues recovery from the UM/UIM carrier. Id. at 407. Thus, wherever the policy places a duty upon, or references an insured as, for example, the damages an insured is legally entitled to recover, the personal representative is simply substituted for insured relieving any alleged ambiguities. Therefore, the provisions in the policy that refer to the insured also apply to the plaintiffs as the personal representatives of the deceased insured.
Plaintiffs also submit that the contractual time limitation should not be enforced where unlawful terms of the policy falsely inform potential claimants that they have no rights under the policy. (Aplt's Brf. at 28). In the fall-out from Savoie, plaintiffs claimed that the per person limit of recovery for all claims arising from the bodily injury or death of one person was an unlawful or illegal policy provision. However, at the time this UIM claim accrued, was settled and approved by the probate court, Savoie had not yet been decided. The law of Ohio in 1992 was as stated in State Farm Auto Ins. Co. v. Rose, supra and Rose sanctioned the terms in the State Farm policy.
In further support of this ruling, it should also be noted that the right to bring a wrongful death action is exclusively a creature of statute and the time for bringing the action (two years) is inherent to the right to bring the cause of action. As stated in Schaffer v. Gateway Harvestore, Inc. (1998), 129 Ohio App.3d 448,452:
 In addition, an action for wrongful death must be brought within two years of the decedent's death. R.C. 2125.02(D). However, it is critical to recognize that R.C. 2125.02(D) not only describes a time limitation for bringing an action, it expresses an integral element of the right of the action itself. Sobol v. Pekoc (1947), 148 Ohio St. 545, 552, 36 O.O. 182, 185, 76 N.E.2d 84, 88. A demonstration that a decedent's death has taken place within two years of instituting a wrongful death suit is in fact a condition precedent to bringing a wrongful death action. Id.
 [I]f an action is not brought within two years from the death of the decedent it must fail, not because a statute of limitations provides the time within which it must be brought but because the time limit is of the very essence of the action. Id.
Accordingly, we find that the trial court correctly determined that this action brought more than three years after plaintiffs' claim for underinsured motorist coverage accrued is time barred.
Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFFS AGREED TO HAVE AVAILABLE COVERAGE UNDER THE POLICY REDUCED BY THE AMOUNT OF THE INDIVIDUAL PAYMENT TO EDWARD McDONALD.
Given our disposition of Assignment of Error I, plaintiffs' Assignment of Error II is moot and therefore need not be addressed. App.R. 12(A)(1)(c).
Summary judgment for State Farm is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
DYKE, A.J., CONCURS. ROCCO, J., DISSENTS (SEE DISSENTING OPINION ATTACHED).
JAMES M. PORTER, JUDGE
DISSENTING OPINION