JOURNAL ENTRY AND OPINION
The appellant, Marlene Mitchell, Administratrix of the estate of Carl Mitchell, her deceased husband, appeals the decision of the trial court granting appellee's motion for summary judgment based on the grounds of res judicata and untimeliness under 2152.02(D). For the reasons set forth below we affirm the decision of the trial court.
This case arises from the death of Carl Mitchell, appellant's husband, on April 6, 1994. The appellant was named as the Administratrix of the estate on June 29, 1998.
On May 26, 1995, the appellant filed a wrongful death action, pursuant to R.C. 2125.02, claiming that her husband's death was the direct result of his use of an inhaler manufactured by the appellee. This complaint was later amended in November of 1995 asserting claims for wrongful death and product liability. The appellant later voluntarily dismissed the cause of action on July 8, 1996.
The appellant refiled her complaint on April 1, 1997, reasserting the claim that the decedent's use of the inhaler, which was manufactured by the appellee, lead to his death. This matter was called for trial on May 11, 1998. The trial court dismissed the appellant's action on the merits after having granted the appellee's motion in limine disqualifying the appellant's product liability expert.
On December 16, 1998, the appellant again filed a complaint against the appellee. This complaint, now filed without the assistance of counsel, again asserts a claim against the appellee for the wrongful death of Carl H. Mitchell based on product liability. Additionally, this complaint specifically listed the real parties in interest: Ruth Mitchell, the decedent's child who became of age on December 15, 1996; and Carl and Renee Mitchell, decedent's minor children, suing in the name of the decedent's personal representative by and through their mother, Marlene Mitchell, as their next friend.
Several months later, the appellant filed an amended complaint which additionally included Ronald T. Mitchell as a real party in interest suing as a statutory next-of-kin.
On July 30, 1999, the appellee filed a motion for summary judgment arguing that the appellant was barred from raising this argument pursuant to the doctrines of res judicata and collateral estoppel. The appellant responded on September 15, 1999 by filing a memorandum in opposition to the defendant's motion for summary judgment. Schering Corporation then responded by filing a motion for leave to file a reply brief instanter. Both parties continued to file additional motions regarding the appellee's motion for summary judgment, including the appellant's own motion for summary judgment.
On April 17, 2000, the trial court filed a journal entry granting the appellee's motion for summary judgment stating:
 SETTLEMENT CONFERENCE HELD, NO APPEARANCE BY THE PLTFS. DEFT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED. PLTF'S WRONGFUL DEATH ACTION IS BARRED BY RESJUDICATA. SEE FT. FRYE V. STATE EMP. RELATIONS BD. (1998) 81 OHIO ST.3d 392, AND BARRED BY 2125.02(D). SEE SCHAFFER V. GATEWAY HARVESTORE INC. (8/19/98 UNPTED). . . . FINAL;
The appellant appeals and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED IN REACHING THE MERITS OF THE APPELLEE'S SUMMARY PRECLUSION DEFENSES, WHERE FAILURE TO COMPLY WITH THE SPECIAL PLEADING AND PROOF REQUIREMENTS FOR A VALID INVOCATION OF THE AFFIRMATIVE DEFENSE OF RES JUDICATA (INCLUSIVE OF COLLATERAL ESTOPPEL) WAIVED ALL RIGHTS TO THE BENEFIT OF ANY PRIOR ADJUDICATION.
 II. THE TRIAL COURT ERRED IN BASING SUMMARY JUDGMENT UPON THE APPELLEE'S REPLY AND IN FAILING TO DISMISS WHEN THE PLAINTIFFS DEMONSTRATED THAT THE APPELLEE'S FAILURE TO ADDUCE EVIDENCE OF A SINGLE MATERIAL ELEMENT OF THE AFFIRMATIVE DEFENSE OF CLAIM/ISSUE PRECLUSION COMPELLED DISMISSAL FOR FAILURE TO MEET ITS INITIAL BURDEN UNDER ORCP RULE 56(C).
 III. THE APPELLEE WAIVED ALL ENTITLEMENT TO PRECLUSION PROTECTION AGAINST THE APPELLANTS' CASE BY FAILING TO MOVE FOR JOINDER OF THE APPELLANTS IN THE ADJUDICATED CASE AND THE TRIAL COURT ERRED IN FAILING TO GIVE DUE CONSIDERATION TO AND ENFORCE THE APPELLANTS' CLAIM TO ORCP RULE 19 PROTECTION AGAINST THE APPELLEE'S PRECLUSION DEFENSES.
 IV. THE COURT ERRED IN DETERMINING THAT APPELLANTS' CLAIMS WERE BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL.
 V. THE COURT HAD NO BASIS FOR RAISING OR RESOLVING ANY ISSUE OF UNTIMELINESS IN THE ABSENCE OF ANY MOTION OR SHOWING ADDRESSED TO UNTIMELINESS AS A BASIS FOR SUMMARY JUDGMENT.
 VI. THE COURT FAILED TO GIVE CONSCIENTIOUS CONSIDERATION TO AND ADDRESS THE APPELLANTS' MOTION FOR SUMMARY JUDGMENT WITH SUPPLEMENTAL MEMORANDA AND THE MANY ISSUES OF PROCEDURE, EVIDENCE AND LAW ADVANCED THEREIN WHICH REFLECTED ADVERSELY UPON SCHERING'S CLAIM OF ENTITLEMENT TO JUDGMENT AS A MATTER OF LAW.
The standard of review for an appellate court on a lower court's granting of summary judgment is de novo. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial. Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
The movant possesses the burden of establishing that no genuine issues of material facts exist. This burden must be satisfied by specifically producing evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, et cetera, which demonstrate the nonmoving party's lack of support toward his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
In reviewing the appellant's assignments of error, this court will discuss them as one.
Initially, in determining the limits of this court's review of the evidence presented in the trial court, this court must assert from prior case law that where the court fails to rule on an objection or motion, it will be presumed that the court overruled the objection or motion. City of Solon v. Solon Baptist Temple, Inc.(1982), 8 Ohio App.3d 347. Therefore, the appellee's motion, Defendant Schering Corp.'s motion for leave to file reply memorandum instanter, is presumed denied, and its contents may not be included in this court's review of the trial court's decision.
Our review centers on the amount of evidence presented by the appellee and its motion for summary judgment based on the affirmative defense of res judicata and collateral estoppel. The appellant's contention that the appellee waived these defenses by not properly pleading them is without merit. Civ.R. 8(C) establishes res judicata as an affirmative defense. Further, Civ.R. 12(B) lists those defenses which may be raised by motion, and this procedural rule does not mention res judicata. Thus, the affirmative defense of res judicata must be raised in a responsive pleading, otherwise it is waived. Nelson v. Jones (1995) 104 Ohio App.3d 823
. The appellee, in its answer to the complaint, states, under the title of Twenty-Sixth Affirmative Defense : "Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel and issue preclusion. The appellee properly asserted the affirmative defenses in its answer, therefore, they were properly plead and not waived.
In reviewing the evidence presented by the appellee in its motion for summary judgment, it contends that the cause of action should be barred under the doctrines of res judicata and collateral estoppel. The motion for summary judgment contains assertions that this case was previously heard and dismissed on its merits for lack of competent expert testimony. However, the evidence attached to the appellee's motion includes: (1) the probate court's appointment of the appellant, Marlene Mitchell, as the executor of the estate; (2) the original complaint of the appellant filed in 1995 which was voluntarily dismissed; and (3) two cases in support of the appellee's contentions.
The appellee failed to support its motion for summary judgment with evidence that would establish a claim for res judicata and/or collateral estoppel. For claims of this nature, the Ohio Supreme Court adopted the language of 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. The Court explained that res judicata encompassed both issue preclusion and claim preclusion. * * * issue preclusion prevents the relitigation of facts or a point in a subsequent suit that was already fully litigated in a previous action, regardless of whether the two suits are the same or different. Schul v. Ely (Feb. 2, 2001), Montgomery App. No. 18402, unreported, 2001 Ohio App. LEXIS 344, at 3, citing Fort Frye Teachers Ass'n v. State Employment Relations Bd. (1998), 81 Ohio St.3d 392,395. The Ohio Supreme Court further established in Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, that in regard to claim preclusion, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Id. at syllabus.
In order for the moving party to establish an affirmative defense, there must be evidence attached to the motion itself. This court may not take it upon itself to test the validity of the moving party's assertions regarding other cases previously filed. Generally, a court may not take judicial notice of prior proceedings in the court, except for proceedings in the immediate case. Staadecker v. Emerald Health Network, Inc. (Dec. 16, 1993), Cuyahoga App. No. 64191, unreported, 1993 Ohio App. LEXIS 6010, at 4, citing Diversified Mortgage Investors, Inc. v. Athens County Board of Revision (1982), 7 Ohio App.3d 157, 159. An attempt to relitigate a case which might have been previously litigated is beyond the scope of the proceedings of the immediate case.
Therefore, the materials presented with the appellee's motion for summary judgment fail to show the lack of a question of material fact; that the moving party is entitled to judgment as a matter of law; and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.
The trial court therefore erred in granting the appellee's motion for summary judgment based on the doctrine of res judicata.
However, the trial court additionally granted summary judgment based on RC 2125.02(D), citing Schaffer v. Gateway Harvestore, Inc. (1998), 129 Ohio App.3d 448.
In Schaffer, the appellate court found under RC 2125.02(A), a wrongful death action must be brought `in the name of the personal representative of the decedent' for the benefit of the spouse and children, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death. In addition, an action for wrongful death must be brought within two years of the decedent's death. R.C. 2125.02(D). Id. at 452. The reviewing court further determined that R.C. 2125.02(D) not only describes a time limitation for bringing an action, `it expresses an integral element of the right of the action itself * * *.' Id. citing Sabol v. Pekoc, Jr. (1947), 148 Ohio St. 545, 552. The appellant contends that since her children are now of age, she can reassert the action on their behalf without violating R.C. 2125.02(D), which she argues was tolled until her children became of age.
In Taylor v. Black Decker Manufacturing Co. (1984) 21 Ohio App.3d 186, the court dealt with minors and the two-year time limitation for filing a wrongful death claim established under R.C. 2125.02(D). The court found that by maintaining the two-year requirement in a wrongful death statute without qualifying the requirement in any significant manner, we feel that the legislature has evidenced its intent to maintain the established position that the two-year limitation period is a restriction which qualifies the right of action itself and is not merely a time limitation upon the remedy. Id. at 189. After establishing this restriction, the court reviewed the facts of the case and determined that the two-year time limitation set out in 2125.02(D) is not tolled by a beneficiary's minority status. Id. at 190.
Applying the logic in Taylor to the case at bar, the trial court's additional reason for granting summary judgment was proper. The decedent died on April 6, 1994. The present action brought by the appellant and the children was filed on December 16, 1998, well beyond the two-year time limit in which to file a wrongful death suit. The trial court properly determined that the appellant's action was barred by R.C.2125.02(D). Therefore, since the trial court possessed one proper ground for granting the appellee's motion for summary judgment, appellant's assignments of error have no merit.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND ANN DYKE, J., CONCUR.